

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00392-CV

JOELLE OGLETREE,

                                                          **Appellant**

 v.

GLEN ROSE INDEPENDENT SCHOOL DISTRICT,

                                                          **Appellee**

**From the 249th District Court
Somervell County, Texas
Trial Court No. C-09621**

## O P I N I O N

After she was terminated from her teaching job at Glen Rose High School, Joelle Ogletree sued the Glen Rose Independent School District. The trial court initially sustained the District's plea to the jurisdiction, and in an earlier appeal, we reversed in part and affirmed in part that ruling, holding that the District did not have sovereign immunity as to Ogletree's breach of contract and section 1983 claims. *See Ogletree v. Glen Rose ISD*, 226 S.W.3d 629 (Tex. App.—Waco 2007, no pet.). On remand, the District moved for summary judgment, which the trial court granted. Raising three issues,

Ogletree appeals. We will affirm.

The District moved for summary judgment on the following grounds: (1) on her breach of contract claim, Ogletree was an at-will employee who therefore had no right to termination only for "good cause" or right to due process; (2) on her breach of contract claim, Ogletree failed to exhaust her administrative remedies for the trial court to have jurisdiction; and (3) Ogletree's section 1983 claim is barred by the statute of limitations. Without stating the reasons, the trial court granted the motion and dismissed Ogletree's two claims.

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756.

We begin with Ogletree's second issue, which asserts in part that the trial court erred in granting summary judgment because there is a fact issue on whether Ogletree's employment contract was a fixed-term employment contract and was not at-will, thus requiring the District to have good cause for termination and to afford her due process.

The summary judgment evidence shows that Ogletree taught French and English at Glen Rose High School in the 2000-01 and 2001-02 school years under "Chapter 21" teaching contracts. In a letter dated January 29, 2002, Ogletree gave notice that she

would be resigning at the end of the school year to stay at home with her daughter. In the summer of 2002, John Bailey, then-Superintendent of the District, asked Ogletree to come back to work to teach French. Ogletree informed him that she would teach but only wanted to teach parttime and did not want to attend in-service days. As a result, and at Ogletree's request, Bailey sent Ogletree a letter dated August 1, 2002:

> This letter is to confirm our agreement regarding your employment with GRISD. As agreed, you will be a long-term sub working 178 days at $128.06 per day. Your assignment will be Flags, French II and French III.

Thereafter, on August 19, 2002, Ogletree signed the following form "Letter of Reasonable Assurance" from Bailey:

> Dear Substitute:

> This letter provides notice of reasonable assurance of continued employment with the district for the school year 2002-2003, when each school term resumes after a school break. … Please note that this letter is not a contract or guarantee of employment.

> Nothing contained herein construes an employment contract. Your continued employment is on an at-will basis. At-will employers may terminate employees at any time for any reason or for no reason, except for legally impermissible reasons. At-will employees are free to resign at any time for any reason or no reason.

> …

> Please complete the following information … . Failure to sign and return this form will keep you off the substitute list.

Based on allegations of sexual misconduct with a student, on the evening of October 1, 2002, Jeff Harris, the Principal of Glen Rose High School, telephoned Ogletree at home to tell her that she was being placed on administrative leave. According to Ogletree's affidavit, on October 3, 2002, Harris telephoned Ogletree at

home and terminated her. Ogletree said that she asked Harris if she would be able to tell her side or if "there would be hearing from" [*sic*] her, but Harris never gave her a full idea of the allegations or how to defend herself. Ogletree also spoke with Bailey that day, and she asked him about being able to give her side. Bailey told her it was a "final decision." Bailey's affidavit states that Ogletree called him that day to discuss his decision and that she set up an appointment to meet with him on October 4, but she called back to cancel the appointment, "saying it was on her attorney's advice." In his deposition, Bailey said that he offered Ogletree "an opportunity for her to come talk to me and she chose not to," although he admitted that the decision to terminate her was final and nothing she could have told him would reverse the decision. Bailey did not send her written information on the way to request a hearing.

In a letter to Bailey dated December 11, 2002, and received by Bailey on December 12, Ogletree's attorney stated the she "appeals her discharge" and requests a closed-session hearing, but the District did not respond.

We assume without deciding that there is a fact issue on whether Ogletree's employment contract was a fixed-term employment contract and was not at-will and will proceed to whether summary judgment was proper because Ogletree failed to exhaust her administrative remedies. Our initial opinion summarized the law in that area:

> "[A] plaintiff's failure to exhaust administrative remedies may deprive courts of subject matter jurisdiction in the dispute." *Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex. 1998) (per curiam); *see Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 (Tex. 2005); *Van Indep. Sch. Dist. v. McCarty,* 165 S.W.3d 351, 354 (Tex. 2005);

*Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 361 (Tex. 2004). "[E]xhaustion of administrative remedies generally requires compliance" with administrative procedures. *Van Indep. Sch. Dist.* at 354. "[A] party must exhaust administrative remedies as a prerequisite to a trial court's jurisdiction in a case involving the administration of school laws and disputed fact issues." *Vela v. Waco Indep. Sch. Dist.,* 69 S.W.3d 695, 698 (Tex. App.—Waco 2002, pet. withdrawn) (citing *Tex. Educ. Agency v. Cypress-Fairbanks I.S.D.,* 830 S.W.2d 88, 90 (Tex. 1992)); *see* Tex. Educ. Code Ann. § 7.057 (Vernon 2006); *Van Indep. Sch. Dist.* at 354. "[T]he doctrine of exhaustion of administrative remedies" applies "to the school employment context." *Vela* at 701; *see Van Indep. Sch. Dist.* at 354. "[A] teacher's claim of breach of his teaching-employment contract involves the administration of school laws and disputed fact issues, and thus, the teacher [i]s required to exhaust . . . administrative remedies . . . before looking to the courts for relief." *Vela* at 701 (citing *Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 660 (Tex. App.—Waco 2000, pet. denied)).

*Ogletree,* 226 S.W.3d at 632.

In its summary-judgment evidence, the District included a statement signed by Ogletree on July 31, 2000 that she received a copy of the District's grievance policy and appropriate forms. The statement is on a form that notes: "For clarification, a grievance does not become a formal grievance until it is put in writing and properly filed with the immediate supervisor." Also in the record is the District's grievance policy DGBA (LOCAL), which the District contends applies to a non-Chapter 21 contract teacher, which is what Ogletree contends she was under Bailey's August 1, 2002 letter. That policy provides a three-step process, beginning with a written grievance within fifteen days:

> An employee who has a grievance shall request a conference with the principal or immediate supervisor by submitting the grievance in writing on a form provided by the District. The form must be filed within 15 days of the time the employee first knew or should have known of the event or series of events about which the employee is complaining.

Ogletree's attorney's December 11, 2002 written request was untimely. She contends, however, that under another grievance policy, the District should have given her a hearing without her request. But that specific policy (DCE (LEGAL)), even if we agreed with Ogletree's construction, applies to written contracts for non-educators.

Ogletree further contends that her failure to timely exhaust her administrative remedies is excused because such exhaustion would have been futile, citing Bailey's response to Ogletree that the decision to terminate her was final and his testimony that nothing she said could have changed his decision. Futility is a recognized exception to the exhaustion of administrative remedies requirement. *See Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 659 (7th Cir. 1992); *see also Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007); *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 111-12 (5th Cir. 1992). To come under the futility exception, a claimant must show that it is certain that the claim will be denied on appeal. *Smith,* 959 F.2d at 659.

The District correctly notes that, under the three-step process, Ogletree could have appealed her grievance to the District's Board of Trustees, and then to the Texas Education Commissioner, followed by judicial review. *See* TEX. EDUC. CODE ANN. § 7.057 (Vernon Supp. 2009). Ogletree had the burden of demonstrating futility, but she only claims and presented evidence that an appeal to the superintendent would have been futile. *Cf. Gardner,* 958 F.2d at 112. By not even alleging that an appeal to the school board or the state commissioner would have been futile, she cannot demonstrate futility. *Cf. id.* We thus hold that Ogletree failed to exhaust her administrative remedies as a matter of law and that the trial court lacked jurisdiction over her breach of contract

claim. Summary judgment and dismissal were proper on this ground, and we overrule that part of her second issue.

Ogletree asserts that the trial court erred in granting summary judgment on the District's ground that Ogletree's section 1983 claim is barred by the statute of limitations. The parties agree that the statute of limitations on a section 1983 claim is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2009); *Price v. City of San Antonio,* 431 F.3d 890, 892 (5th Cir. 2005). But they disagree when Ogletree's section 1983 claim accrued.

Federal law determines when Ogletree's section 1983 claim accrued. *Helton v. Clements,* 832 F.2d 332, 334 (5th Cir. 1987). Generally, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of her complaint. *Id.* at 335. The statute of limitations begins to run from the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. *Id.* In a section 1983 wrongful discharge action, the statute of limitations begins to run on the date of termination. *See id.* (conspiracy allegations did not extend time for limitations to begin to run); *see also Frazier v. Garrison ISD,* 980 F.2d 1514, 1521-22 (5th Cir. 1993) (holding that when employment discrimination claim is based on discharge, the discharge itself is basis for discrimination suit and begins limitations period).

Ogletree argues that the statute of limitations did not begin to run until she learned of the alleged gender discrimination, *i.e.,* when she later learned that a male teacher was allegedly treated differently upon substantially similar allegations of sexual

misconduct with a student. However, well-established Fifth Circuit precedent in employment discrimination cases directly contradicts Ogletree's position. *See Chapman v. Homco, Inc.,* 886 F.2d 756, 758 (5th Cir. 1989) (holding that limitations period on employment discrimination claim triggered on date of discharge, not on date of discovery of discriminatory intent); *Merrill v. Southern Methodist Univ.,* 806 F.2d 600, 605 (5th Cir. 1986) (same); *see also Anderson v. City of Dallas,* 111 F.3d 892 (5th Cir. 1997) (per curiam) (same); *Pacheco v. Rice,* 966 F.2d 904, 906 (5th Cir. 1992) (same) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints.").

Ogletree relies solely on a non-employment case to support her accrual argument. *See Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

> Accrual of a § 1983 claim is governed by federal law: "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Russell v. Bd. of Trustees,* 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir. 1987), *cert. denied,* 507 U.S. 914, 113 S.Ct. 1266, 122 L.Ed.2d 662 (1993). A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski,* 51 F.3d at 516.

*Piotrowski,* 237 F.3d at 576. *Piotrowski* involved allegations that the Houston Police Department took affirmative steps to suppress information that it knew someone was going to try to kill the plaintiff. *Id.* at 576-77. The court noted fraudulent concealment, a well-recognized exception that tolls the statute of limitations (or delays accrual of the

cause of action), and that the City did not object to a jury question on whether the plaintiff knew or should have known of the causal connection between her injuries and the defendant's actions. *See id.* at 577 & n.13. In this case, Ogletree makes no fraudulent concealment allegation, and she fails to persuade us that *Piotrowski*, an unusual and factually inapposite case, controls accrual of her section 1983 discrimination claim, rather than the employment cases cited above.

Ogletree was terminated on October 3, 2002. The two-year limitations period expired on October 3, 2004. She did not file her section 1983 claim until April 27, 2005. Because the District established that it was entitled to summary judgment on Ogletree's section 1983 claim based on its statute of limitations defense, we overrule that part of Ogletree's second issue.

Having found that the trial court properly granted the District's summary judgment motion on Ogletree's failure to exhaust her administrative remedies and the statute of limitations, we need not address her first and third issues and the remainder of her second issue. *See* TEX. R. APP. P. 47.1. We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed February 10, 2010
[CV06]