

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00127-CV

**JOYSTENE MOORE,**

**Appellant**

**v.**

**MICHELLE MILLER, AS NEXT FRIEND
FOR STACIE WOODBERRY,**

**Appellees**

_____

**From the 335th District Court
Burleson County, Texas
Trial Court No. 25,557**

_____

## MEMORANDUM OPINION

_____

In this interlocutory appeal, appellant, Joystene Moore, complains about the trial court's denial of her plea to the jurisdiction. In two issues, Moore contends that the trial court should have granted her plea to the jurisdiction because appellee, Michelle Miller, as next friend for Stacie Woodberry, failed to exhaust her administrative remedies and because Moore, a professional employee of a school district, was immune from liability. We affirm.

# I. BACKGROUND

Moore was an eighteen-year employee with the Somerville Independent School District who worked as a teacher's aide, assisting special-needs children. The incident giving rise to this lawsuit occurred on December 18, 2007, and involved Stacie, who suffers from Rubenstein-Taybi Syndrome, which is characterized by facial abnormalities, broad thumbs, gait issues, short stature, and mental disability.

In her appellate brief, Moore describes the incident as follows: "While in study skills class, Stacie refused to follow classroom rules which required her to perform schoolwork if she wanted to continue to sit at the table. Moore gave Stacie the option of performing schoolwork at the table or to move to a sitting position on the floor or to stand. Stacie chose to sit on the floor."[1] However, in her third amended petition, Miller alleged that:

> Ms. Moore, dissatisfied with Stacie's work, approached Stacie's chair unexpectedly and aggressively dislodged her from it in a disciplinary measure. She threw Stacie hard to the ground.
>
> Traumatized as a result of the incident, Stacie (who is unable to speak due to her mental deficiencies) began hitting the floor in pain. Ms. Moore, while viewing this, asserted laughingly, "Keep hitting the floor; it isn't hurting me," and "That's what happens to girls who won't do their work."
>
> Stacie received no medical attention from Ms. Moore or from any

---

[1] In her affidavit, Moore provided the following description of the incident:

> On December 18, 2007, I was teaching Stacie Woodberry. We were sitting at the table. Stacie wasn't ready to work, so I asked her if she would like to stand or if she would like to sit. It was a classroom rule that if a student was not ready to work, the student could not remain seated at the table. She signed she would sit. I asked her to raise up. She raised up out of the chair. I moved the chair to the side. Stacie sat on the floor, which was a typical thing that she did.

school staff immediately following the incident. It was not until she arrived home agitated, swollen[,] and crying that her mother rushed her without hesitation to the emergency room, where Stacie was diagnosed with a dislocated knee, torn ligaments and tendons, damage to the tibia (resulting in the insertion of pins and screws), and deep tissue bruising— all of which were the result of great force.

Furthermore, Stacie has become uncharacteristically combative, uncommunicative, and distraught since the incident. This is reflected, among other items, by Stacie's wetting herself regularly—at home and at school—and by her inability to sleep at night; instead, she wakes in violent, uncontrollable fits causing severe disruption in her home.

Miller asserted claims of negligence, assault, and negligent discipline against Moore.

Moore filed a plea to the jurisdiction asserting, among other things, that: (1) Miller failed to exhaust administrative remedies provided in the Somerville Independent School District Student Rights and Responsibilities FNG (LOCAL) ("Board Policy"), *see* TEX. EDUC. CODE ANN. § 22.0514 (West 2006) (providing that "[a] person may not file suit against a professional employee of a school district unless the person has exhausted the remedies provided by the school district for resolving the complaint"); and (2) she is immune from liability because she was a professional employee of a school district and the complained-of acts occurred within the scope of the duties of her position of employment.

Miller's response to Moore's plea to the jurisdiction asserted that: (1) she did exhaust her administrative remedies by corresponding to and complaining to the school district, but she was not required to comply with the process because the situation fell within an exception to the grievance process allowing for complaints regarding the discipline of a student with a disability within the scope of the Individuals with

Disabilities Education Act ("IDEA") to bypass the grievance process; and (2) Moore is not entitled to statutory immunity because her actions fell within the exception provided in section 22.0511(a) of the Education Code, which prohibits immunity for complaints regarding the use of excessive force or negligence in the disciplining of a student. *See id.* § 22.0511(a) (West Supp. 2011).

The trial court denied Moore's plea to the jurisdiction. This interlocutory appeal ensued. *See* TEX. R. APP. P. 28.1(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2011).

## II. PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction. *Id.* Whether the trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve

the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Id.* at 227.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In her first issue, Moore alleges that Miller did not exhaust her administrative remedies, as outlined in the Board Policy. *See In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004) (holding that failure to exhaust requisite administrative remedies before filing suit results in lack of subject-matter jurisdiction in trial court). Moore also contends that the ninth exception to the Board Policy does not apply because Miller

failed to plead or provide evidence establishing entitlement to the exception.

The Board Policy, attached as evidence to Moore's plea, establishes formal and informal procedures for handling "all student and parent complaints." It contains twelve exceptions, including the following: "9. Complaints concerning identification, evaluation, educational placement, or discipline of a student with a disability within the scope of the Individuals with Disabilities Education Act ["IDEA"] . . . ." The IDEA defines a "[c]hild with a disability" as a child "with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance . . . orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and . . . who, by reason thereof, needs special education and related services." 20 U.S.C. § 1401(3)(A). In her third amended petition, Miller pleaded that "Stacie is a special education student at Somerville High School who is mentally incapacitated; she has been clinically diagnosed with Rubenstein-Taybi Syndrome (RSTS), a well-delineated malformation syndrome characterized by facial abnormalities, broad thumbs, broad great toes, short stature, and mental retardation"—a characterization that is not disputed by Moore. Miller's description of Stacie's disability appears to fall within the scope of the IDEA. *See id.* Miller also filed an affidavit in which she averred that Stacie's "disability falls within the scope of the Individuals with Disabilities Education Act … ." Moore did not file any evidence pertaining to Stacie's disability or to whether it falls within the IDEA's scope; she simply denies that the ninth

exception applies and asserts that Miller failed to plead the exception.[2]  But a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue.  *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

As noted above, we must liberally construe and accept as true the factual allegations in Miller's pleadings.  *See Miranda*, 133 S.W.3d at 226, 228.  We also take as true all evidence favorable to Miller and indulge every reasonable inference and resolve any doubts in her favor.  *City of Waco*, 298 S.W.3d at 622.  In applying this standard of review, we conclude that Miller pleaded sufficient jurisdictional facts and presented some evidence demonstrating that a disputed fact question exists on whether the ninth exception applies and that Miller was thus not required to exhaust her administrative remedies.  Accordingly, we cannot say that the trial court erred in denying Moore's plea to the jurisdiction on the basis of Miller's alleged failure to exhaust her administrative remedies. Moore's first issue is overruled.

## IV.    PROFESSIONAL IMMUNITY

In Moore's second issue, she contends that the trial court erroneously denied her plea to the jurisdiction because she had professional immunity.  Section 22.0511(a) of the Education Code specifically provides that:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's

---

[2] Moore cites no authority that Miller was required to plead that she had exhausted her administrative remedies or that she was excepted from exhausting her administrative remedies. *Cf. Ogletree v. Glen Rose ISD,* 314 S.W.3d 450, 454 (Tex. App.—Waco 2010, pet. denied) (addressing on appeal plaintiff's assertion of futility exception to exhaustion requirement); *Haddix v. Am. Zurich Ins. Co.,* 253 S.W.3d 339, 349 (Tex. App.—Eastland 2008, no pet.) ("If a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge is not to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading.").

position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a).  Accordingly, immunity afforded by this statute requires that the person asserting immunity establish that:  (1) he or she is a professional employee of a school district; (2) he or she is acting incident to or within the scope of duties; (3) the act involves the exercise of judgment or discretion; and (4) the act does not fall within the stated statutory exceptions.  *See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 52-53 (Tex. 1992); *Robinson v. Brannon*, 313 S.W.3d 860, 865 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  Here, the parties' dispute concerns the fourth element:  whether Moore's actions fell within the exception pertaining to the use of excessive force in the disciplining of a student or negligence resulting in bodily injury to a student.

As noted earlier, Miller pleaded negligence, assault, and negligent discipline causes of action.  In her pleadings, Miller described the incident as Moore dislodging Stacie from her chair and throwing her to the ground because Moore was dissatisfied with Stacie's work.  As a result of Moore's alleged actions, Stacie was diagnosed with severe injuries, including a dislocated knee, torn ligaments and tendons, damage to her tibia, and deep tissue bruising.  Miller pleaded sufficient jurisdictional facts that Moore may have used excessive force in the disciplining of Stacie or that Moore's negligence resulted in bodily injury to Stacie.

Moore argues that Miller did not claim that Moore used physical force on Stacie

or that Moore's act was part of some discipline. However, in her third amended petition, Miller specifically stated that: "Ms. Moore, dissatisfied with Stacie's work, approached Stacie's chair unexpectedly and aggressively dislodged her from it in a disciplinary measure. She threw Stacie hard to the ground." These pleadings adequately allege that Moore used physical force on Stacie as a part of discipline. We conclude that Miller pleaded sufficient jurisdictional facts to demonstrate that Moore's alleged actions fall within the excessive-force and negligence exceptions to section 22.0511(a). We thus cannot say that the trial court erred in denying Moore's plea to the jurisdiction on the basis of Miller's pleadings.

Pointing to her own affidavit (see footnote 1), Moore also disputes the allegation that she dumped Stacie from a chair. Miller filed several affidavits with her response to Moore's plea to the jurisdiction that, at the very least, create a material fact issue with regard to the exceptions to professional immunity. In particular, James Keith, an individual who was in the class and witnessed the incident, averred that he saw Moore forcefully grab the back of Stacie's chair and dump her on the floor, causing Stacie to experience "a lot of pain even though she is not able to express it." The affidavits of Kristine Washington and Torian Spencer, two other witnesses, offered similar descriptions of the incident.

Because we take as true all evidence favorable to Miller, we conclude that she presented some evidence demonstrating that a disputed fact question exists on whether Moore's alleged conduct comes within the excessive-force and negligence exceptions to her professional immunity under section 22.0511(a). Moore's second issue is overruled.

## V.     CONCLUSION

Because we have overruled both of Moore's issues on appeal, we affirm the trial court's order denying Moore's plea to the jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurring and dissenting)
Affirmed
Opinion delivered and filed February 1, 2012
[CV06]