**AFFIRM; and Opinion Filed February 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01308-CV

### KAREN DAVISON, Appellant

### V.

### PLANO INDEPENDENT SCHOOL DISTRICT, DOUGLAS OTTO, DANNY MODISETTE, LLOYD "SKIP" JENKINS, TAMMY RICHARDS, AND TAMIRA GRIFFIN, Appellees

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-01389-2012**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Karen Davison, acting pro se, appeals the trial court's order dismissing with prejudice her claims against appellees, Plano Independent School District (PISD), Douglas Otto, Danny Modisette, Lloyd "Skip" Jenkins, Tammy Richards, and Tamira Griffin, pursuant to their plea to the jurisdiction. She also appeals the trial court's award of attorney's fees to appellees as sanctions assessed against her. We affirm the trial court's order.

## BACKGROUND

Davison is a former elementary school teacher with PISD. In 2008, she filed suit against PISD in federal district court, alleging claims for racial discrimination, hostile work environment, retaliation, and disparate impact under Title VII of the Civil Rights Act of 1964, 42

U.S.C.A. §§ 2000e–2000e-17 (West 2003), and violations of her civil rights under chapter 42, section 1983 of the United States Code, 42 U.S.C.A. § 1983 (West 2012). While her suit was pending, she signed a new employment contract with PISD for a three-year period, beginning with the 2009-2010 school year and continuing through the 2011-2012 school year.

On August 12, 2009, the parties attended mediation and entered into a written settlement agreement in which PISD agreed, among other things, to place Davison on paid administrative leave with full benefits in exchange for Davison's resignation at the end of the first semester of the 2010-2011 school year and a release of her claims. Five days later, Davison challenged that agreement by filing an "Oral Objection to Mediation," alleging she was not properly represented by counsel and rushed into signing the agreement. Davison's objection was referred to a magistrate judge, who held an evidentiary hearing and prepared a report recommending that the district court set aside the settlement agreement due to the "highly irregular" nature of the mediation process and "bizarre relationship" between Davison and her counsel during the course of the mediation. The district court signed an order dated November 12, 2009, adopting the magistrate judge's recommendation and ordering that the settlement agreement be set aside. The district court stated that "to the extent that [Davison] was placed under any duress or that she occupied an unequal bargaining position, it was solely the result of her own dysfunctional relationship with her lawyer and not the result of anything done by [PISD, its counsel], or the mediator."

After the district court set aside the settlement agreement, PISD's Executive Director for Human Resources, Tamira Griffin, sent Davison a letter directing Davison to return to work effective January 4, 2010, following the 2009 winter break. The federal suit also continued, with the district court granting PISD's summary-judgment motion that had been filed before the mediation. The district court signed a final judgment dated December 4, 2009, dismissing

Davison's case with prejudice. Davison appealed that judgment to the Fifth Circuit Court of Appeals.

Shortly after receiving Griffin's letter, Davison contacted PISD's counsel about resolving the dispute. Counsel responded with an offer to settle under the same terms contained in the previous settlement agreement. The parties exchanged several e-mails regarding terms and ultimately agreed to enter into a second settlement agreement. Under the terms of this settlement agreement, dated February 8, 2010, PISD agreed to place Davison on administrative leave with full benefits and pay her monthly through the last work day in December 2011, and Davison agreed to resign her employment with PISD on that last work day, release her claims against PISD, and file a dismissal of her appeal, which she did.

In April 2010, while on paid administrative leave pursuant to the terms of the settlement agreement, Davison filed a petition for review with the Texas Education Agency, complaining the settlement illegally replaced her three-year "Term Teaching Contract." Davison asked the Commissioner to honor her teaching contract, take her off administrative leave, or buy out her contract in full so she could pursue other opportunities. On April 14, 2011, the Education Commissioner signed his decision in which he dismissed Davison's cause for lack of jurisdiction because she failed to exhaust her administrative remedies in accordance with PISD's grievance procedure. The Commissioner also found Davison was not excused from following the district's grievance procedure because she did not show that PISD's Board of Trustees would not give her a fair hearing. Davison did not appeal the Commissioner's decision, but she tried to reinstate her appeal to the Fifth Circuit. The Fifth Circuit denied both her motion to reinstate the appeal and her subsequent motion for reconsideration.

Davison received her monthly salary with full benefits from February 2010 until December 2011 when her resignation became effective. Two months later, on February 20,

2012, Davison sent PISD's counsel a letter, stating she had various state contract and tort claims against PISD and its officers, which she outlined in the letter and a separate chart, and that she would like to resolve her claims without filing suit in state court. She demanded payment of $5 million in damages. Counsel responded to Davison's demand by letter dated March 1, 2012. Counsel stated that PISD rejected her demand for payment and informed Davison that (1) her claim for breach of her employment contract was barred because she failed to exhaust her administrative remedies as found by the Texas Education Commissioner and (2) her various tort claims were barred by governmental immunity as a matter of law. Counsel also advised Davison that, in light of the jurisdictional bars to her claims, PISD would seek reimbursement of its attorney's fees and costs as sanctions for a groundless and frivolous pleading.

Davison filed this lawsuit a little over one month later against PISD, Douglas Otto, in his individual capacity as PISD's former Superintendent of Schools, Danny Modisette, in his individual capacity as PISD's former Deputy Superintendent, Lloyd "Skip" Jenkins, in his individual capacity as former President of PISD's Board of Trustees, Tammy Richards, in her individual capacity as current President of PISD's Board of Trustees, and Griffin, in her individual capacity as PISD's Executive Director of Human Resources. Davison alleged the following ten causes of action: breach of contract, constructive discharge/breach of employment contract, tortious interference with existing employment contract, abuse of process, conspiracy, fraud, negligent misrepresentation, negligence per se, breach of fiduciary duty, and intentional infliction of emotional distress.

Appellees generally denied her claims, specifically denied that she had exhausted her administrative remedies, and asserted various affirmative defenses. Appellees also filed a plea to the jurisdiction and motion for sanctions. Appellees argued Davison's tort claims were barred by governmental immunity and section 101.106 of the civil practice and remedies code because

–4–

Davison sued both PISD and the individual employees and board members. They also argued the trial court did not have jurisdiction over her breach of contract and employment claims because she failed to exhaust her administrative remedies with PISD. Appellees further asserted that because Davison had notice of these jurisdictional bars before filing suit, she should be sanctioned.

Both parties presented evidence as part of the jurisdictional proceeding. In a single order, the trial court granted appellees' (1) plea to the jurisdiction, without stating the basis for its decision, and ordered Davison's claims to be dismissed with prejudice and (2) motion for sanctions. The trial court specifically found that before she filed suit, Davison "had specific knowledge of the legal bars to her claims" and the suit was therefore, frivolous and brought for an improper purpose. The court awarded appellees $6,084.50 as reasonable and necessary attorney's fees and contingent attorney's fees of $21,500 for an unsuccessful appeal by Davison to this Court and $21,500 for an unsuccessful appeal by Davison to the Texas Supreme Court.

## DISCUSSION

Davison presents several points as "Issues" and additional points as headings under her "Argument" section. We generally construe her brief, however, as raising issues that challenge the trial court's decision (1) to grant appellees' jurisdictional plea and dismiss her tort and contract claims and (2) to award appellees their attorney's fees and costs as a sanction. We begin with her arguments related the trial court's decision to grant appellees' plea to the jurisdiction.

### *Standard of Review*

Immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a trial court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction

are questions of law. *Id.* at 226; *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 28 (Tex. App.—Dallas 2012, pet. denied). We therefore review de novo a trial court's ruling on a jurisdictional plea. *Miranda*, 133 S.W.3d at 226; *Leggett*, 396 S.W.3d at 28.

A jurisdictional plea can be based on the pleadings or on evidence. *Miranda*, 133 S.W.3d at 226–27; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent, accepting as true the facts alleged. *Id.* at 226, 228.

When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Id.* at 227. In reviewing such a plea, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving all doubts in the non-movant's favor. *Id.* at 227–28. This standard mirrors our summary-judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on the movant to meet the standard of proof to support its contention the trial court lacks subject-matter jurisdiction. *Id.* at 228. Once the movant asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists. *Id.*; *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). If the evidence creates a fact question on the jurisdictional issue, the trial court cannot grant the plea; rather, the fact issue for the fact finder to resolve. *Miranda*, 133 S.W.3d at 227–28. If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issues, the trial court rules on the plea as a matter of law. *Id.* at 228.

*Dismissal of Davison's Tort Claims*

A liberal reading of Davison's petition shows she asserted (1) claims for tortious interference with an existing employment contract, conspiracy, fraud, negligent misrepresentation, and negligence per se against all appellees; (2) a claim for intentional infliction of emotional distress against PISD; (3) a claim for abuse of process against Otto and PISD's "Board Members"; and (4) a claim for breach of fiduciary duty against PISD's "Board of Trustees." Her allegations against the individual appellees appear to involve their actions or inactions related to the individual's service to PISD and fall within the scope of their employment with PISD. We do not read her petition as alleging any actions or inactions by the individual appellees outside of their service to PISD.

Regarding dismissal of Davison's tort claims, appellees asserted two grounds in their plea to the jurisdiction. They first argued the trial court lacked subject-matter jurisdiction over her tort claims because appellees retained governmental immunity under the Texas Tort Claims Act, except for any claim that arises from the use or operation of a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (West 2011). Appellees also argued Davison's tort claims should be dismissed because her election to sue both PISD and the individual appellees barred any recovery by Davison under section 101.106 of the civil practice and remedies code. *See id.* § 101.106 (Election of Remedies).

Governmental immunity protects political subdivisions of the State, including school districts, from suit and liability. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2013) (defining "governmental unit" to include school districts as political subdivision of the state). Thus, a governmental entity, such as a school district, cannot be sued without its consent. *Garcia*, 253 S.W.3d at 655; *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 789 (Tex. App.—

Dallas 2012, pet. denied), *cert. denied*, 133 S. Ct. 2812 (2013). In addition, a governmental entity's employee, acting within the scope of his employment, has the same immunity as the governmental entity. *Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex. App.—Dallas 1997, writ denied) ("Trustees and agents of a school district, while acting in an official capacity, enjoy the same governmental immunity as does the school district.").

The Legislature created a limited waiver of governmental immunity under the Texas Tort Claims Act, permitting certain suits against governmental entities and providing a cap on recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023. For school districts, however, the TTCA's waiver of immunity is "even narrower." *Garcia*, 253 S.W.3d at 656. The TTCA's waiver of immunity for school districts encompasses "only tort claims involving the use or operation of motor vehicles." *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051.

On appeal, Davison advances several arguments in support of her contention that the trial court erred when it dismissed her tort claims. She first argues PISD waived its immunity from suit by "giving its employees the unambiguous right to contest adverse employment decisions like suspension or termination by filing suit" and appellees waived their immunity by their conduct, which included "luring" her into a settlement agreement, misrepresenting the content of the settlement agreement, committing fraud, and concealing certain facts from her. She also contends her claims are not barred by immunity because she alleged violations of the due course of law clause and takings clause under the Texas Constitution and maintains the trial court's dismissal of her claims violates the contracts clause of the United States Constitution and the open courts provision under the Texas Constitution.

But Davison has not challenged the possibility that the trial court's decision to grant the plea to the jurisdiction was based on appellees' contention that their immunity was not waived

under the TTCA because Davison did not allege any claims that involved the use or operation of a motor vehicle. *See Ollie*, 383 S.W.3d at 790. Appellees specifically argued in their plea to the jurisdiction that their immunity from suit is only waived in circumstances involving the use or operation of a motor vehicle and because none of the tort claims Davison alleged against them involved the use or operation of a motor vehicle, the trial court lacked subject-matter jurisdiction over these claims. This ground is the type that could, if meritorious (an issue we need not decide), support dismissing Davison's tort claims against appellees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (exempting school districts from general waiver of governmental immunity and limiting potential liability to claims involving use or operation of motor vehicle).

As a general proposition, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.); *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (applying general rule in context of plea to the jurisdiction); *Muthukumar v. Dess*, No. 05-10-01324-CV, 2011 WL 5067701, at *2 (Tex. App.—Dallas Oct. 26, 2011, pet. denied) (mem. op.), *cert. denied*, 133 S. Ct. 322 (2012). If an appellant fails to do so, we must affirm the ruling. *See Britton*, 95 S.W.3d at 681. Because Davison does not challenge the sustaining of the jurisdictional plea on the ground that her claims did not allege a waiver of immunity under the TTCA, she has waived any error by the trial court in dismissing her tort claims against appellees, and the decision to dismiss her tort claims must be affirmed. *Ollie*, 383 S.W.3d at 790–91; *Britton*, 95 S.W.3d at 682; *San Antonio State Hosp. v. Guerrero*, No. 04-04-00396-CV, 2004 WL 2236619, at *1 (Tex. App.—San Antonio 2004, no pet.) (mem. op.) (affirming trial court's order denying plea to the jurisdiction because governmental entity failed to attack on appeal all possible bases for the

–9–

ruling). We overrule Davison's issues to the extent she argues the trial court erred by dismissing her tort claims against appellees.

### *Dismissal of Davison's Contract Claims*

For her remaining claims, Davison alleged that her teaching contract was breached when she was placed on administrative leave under the terms of her settlement with PISD and as a result, she was wrongfully discharged from her employment. Appellees argued in their plea to the jurisdiction that Davison's breach of contract and constructive discharge in breach of employment contract claims were barred because of Davison's failure to exhaust her administrative remedies with the school district, which is a jurisdictional prerequisite to her claims.

When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006). If an administrative agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Id.* "Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction." *Ollie*, 383 S.W.3d at 792 (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002)). The exhaustion doctrine serves to ensure that the administrative process has run its course. *City of Houston v. Rhule*, No. 12-0721, 2013 WL 6164437, at *2 (Tex. Nov. 22, 2013) (per curiam). The intent is not to deprive a party of legal rights; rather, the doctrine aims to ensure an orderly procedure to enforce those rights. *Id.*

"Texas requires an aggrieved party to exhaust all remedies provided under the applicable administrative scheme if the claim (1) concerns the administration of school laws, and (2) involves questions of fact." *Ollie*, 383 S.W.3d at 792; *see also Yseleta Indep. Sch. Dist. v.*

*Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied) ("An employee who alleges that a school district wrongfully terminated an employment contract must apply to the school authorities for relief before filing suit in the district court."). The PISD grievance policy applies "to all employee complaints," other than certain listed exceptions, none of which apply to the claims asserted by Davison here. The grievance process has four levels, beginning with the requirement that the employee file a complaint with the appropriate administrator within fifteen days of the date the employee first knew, or with reasonable diligence, should have known of the decision or action giving rise to the complaint. If the employee does not receive the requested relief, the employee can appeal the decision to the executive director of human resources, then to the superintendent, deputy superintendent, or other designee, and finally to the Board of Trustees. After going through PISD's grievance process, the employee then must pursue her claims with the Commissioner of Education before filing suit "when the claim involves actions or decisions by the school board that allegedly violate either state school laws or a provision of a written employment contract between a school district and an employee if the violation would cause the employee to suffer monetary harm." *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 241–42 (Tex. App.—El Paso 2012, no pet.); *see also* TEX. EDUC. CODE ANN. § 7.057(a) (West Supp. 2013). Until the employee has exhausted her administrative remedies as outlined above, she may not bring an independent breach of contract or other employment action. *Ollie*, 383 S.W.3d at 792; *Nairn*, 366 S.W.3d at 242.

The Education Commissioner's decision, which both parties submitted as part of the jurisdictional proceeding, specifically stated that Davison had not filed a grievance with PISD concerning the issues she raised in her petition to the Texas Education Agency, the PISD Board of Trustees had not issued an order concerning Davison's issues, and PISD's policies "would allow [Davison] to file a grievance concerning" her issues. And Davison does not appear to

–11–

dispute that she did not go through the PISD grievance process before filing suit. Nor does she claim that the grievance policy appellees attached in support of their plea to the jurisdiction would not allow her to bring her claims before the school board. Instead, she argues that it was not necessary to initiate and exhaust administrative remedies because it would be useless to do so. *See, e.g.*, *Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 454 (Tex. App.—Waco 2010, pet. denied) (stating that futility is recognized exception to exhaustion of administrative remedies requirement).

Davison argues she "was certain that her claim would be denied if she returned to [PISD's] administrative remedies process." She bases that contention on her personal experience and conduct she observed. She claims there is "no level playing field" with PISD and that the school district "holds a vendetta against anyone who request[s] corrective measures." She also claims that she previously has gone through the grievance process and after she did so, she became a "target," which ultimately resulted in her constructive discharge and breach of contract claims. The Commissioner, however, specifically found that Davison had not made a showing that PISD's Board of Trustees would not give her a fair hearing. And in her brief, Davison does not sufficiently describe the reasons supporting her contention that she "was certain her claim would be denied" if she went through PISD's grievance process other than to allege, with no citation to evidence in the record, that PISD "has a particular agency hearing examiner who administers and writes reports" in PISD's favor regardless of the facts. We also found nothing in the record to suggest it was "certain" her claims would be denied by the administrators in the grievance process.

It is undisputed that Davison failed to file a grievance regarding the alleged breach of her term teaching contract, and Davison has not shown that an excuse or exception applies to her claims. Consequently, because Davison failed to exhaust the applicable administrative remedies

–12–

and no excuse or exception has been shown to be applicable, we conclude the trial court properly granted appellees' plea to the jurisdiction on Davison's breach of contract and constructive discharge in breach of contract claims. We overrule Davison's issues to the extent argues the trial court erred by dismissing her contract claims.

### *Award of Sanctions Against Davison*

In her final point on appeal, Davison contends the trial court erred by granting appellees motion for sanctions. She argues she did not file this suit for purposes of harassment and that her only recourse for justice was the courts. Appellees moved for sanctions under Texas Rule of Civil Procedure 13, chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and section 11.161 of the Texas Education Code.

We review the trial court's award of sanctions under an abuse-of-discretion standard. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (rule for sanctions imposed under rule 13 and civil practice and remedies code); *Ollie*, 383 S.W.3d at 793 (reviewing award of attorney's fees as a sanction under education code for abuse of discretion). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Section 11.161 of the education code permits a trial court to award costs and reasonable attorney's fees in a civil suit brought under state law against an independent school district or an officer of the school district, acting under color of office, if the court finds "the suit is frivolous, unreasonable, and without foundation; and the suit is dismissed or judgment is for the defendant." TEX. EDUC. CODE ANN. § 11.161 (West 2012). Here, the record shows that Davison

–13–

knew the Texas Education Agency had dismissed her complaints to the extent the claims related to her employment contract and constructive discharge in breach of employment contract because those complaints were subject to PISD's grievance policy and Davison failed to exhaust her administrative remedies. In addition, counsel for PISD specifically notified Davison in response to her demand letter that her claims were barred because of immunity and the failure to exhaust her administrative remedies and that PISD would seek to recover its attorney's fees if she proceeded to suit. Counsel stated the precise grounds that created legal bars to her claims, including citation to the relevant statutes and cases.[1]

Although Davison was acting pro se at the time, the rule is that litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Given the letter she received from PISD's counsel, Davison should have investigated further to see if her claims were viable, even if she believed otherwise. The trial court found that prior to filing suit, Davison had "specific knowledge of the legal bars to her claims in this suit" and concluded the suit was therefore "frivolous, groundless, and/or brought for an improper purpose." The trial court also dismissed her claims with prejudice.

Based on the record before us, we cannot conclude the trial court abused its discretion when it awarded appellees their reasonable and necessary attorney's fees under section 11.161 of the education code. *Ollie*, 383 S.W.3d at 794 (concluding trial court did not abuse its discretion by awarding attorney's fees to PISD under education code under similar circumstances). Consequently, we need not consider whether sanctions were appropriate under rule 13 or

---

[1] For example, counsel wrote: "Under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Chapter 101, a school district's immunity from a tort lawsuit is only waived in circumstances involving the operation of a motor vehicle. Tex. Civ. Prac. & Rem. Code § 101.051. Because none of the tort claims asserted in your letter concern allegations involving the operation of a motor vehicle, all of these claims are barred by immunity and will be dismissed for lack of subject matter jurisdiction." (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex. 2008) and *Bates v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 220 (Tex. App.—Waco 2004, no pet.)).

chapters 9 and 10 of the civil practice and remedies code. *Id.* We overrule Davison's issue challenging the trial court's decision to award appellees' their attorney's fees and costs as a sanction.

Having overruled Davison's issues, we affirm the trial court's order granting appellees' plea to the jurisdiction and motion for sanctions.

/Ada Brown/
ADA BROWN
JUSTICE

121308F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAREN DAVISON, Appellant

No. 05-12-01308-CV          V.

PLANO INDEPENDENT SCHOOL
DISTRICT, DOUGLAS OTTO, DANNY
MODISETTE, LLOYD "SKIP" JENKINS,
TAMMY RICHARDS, AND TAMIRA
GRIFFIN, Appellees

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-01389-2012.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, the trial court's September 25, 2012 order granting appellees' plea to the jurisdiction and motion for sanctions is **AFFIRMED**.

It is **ORDERED** that appellees, Plano Independent School District, Douglas Otto, Danny Modisette, LLoyd "Skip" Jenkins, Tammy Richard, and Tamira Griffin recover their costs of this appeal from appellant Karen Davison.

Judgment entered this 20th day of February, 2014.

/Ada Brown/
_____
ADA BROWN
JUSTICE