**HEALTHSOUTH MEDICAL CENTER, Appellant,**

v.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU, Appellee.**

No. 05–06–00936–CV.

Court of Appeals of Texas, Dallas.

Aug. 22, 2007.

Rehearing Overruled Sept. 27, 2007.

Thomas L. Freytag, Law Offices of Thomas L. Freytag, Dallas, for Appellant.

Catherine L. Hanna, Hanna & Plaut, L.L.P., Austin, for Appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

HealthSouth Medical Center appeals the trial court's order granting Employers Insurance Company of Wausau's plea to the jurisdiction in this case involving workers' compensation insurance payments. In two issues, HealthSouth argues the trial court erred (1) in concluding it lacked jurisdiction over its breach of contract claim, and (2) in refusing to compel Wausau to produce its contracts with its healthcare network. We affirm the trial court's order.

### BACKGROUND

HealthSouth is a Dallas hospital. Wausau is a workers' compensation insurance carrier. Each party has an independent contract with First Health Group, a healthcare network: HealthSouth is a preferred provider under the network; Wausau is an insurance carrier for the network. HealthSouth and Wausau have not contracted directly with each other. HealthSouth's contract with First Health sets contract rates for various services HealthSouth will perform as a preferred provider. The contract also provides in relevant part:

> Notwithstanding the Contract rates contained herein, the amount payable under the terms of this Contract shall be the lesser of [a] the Contract rate, [b] a 25% discount from billed charges, or [c] *the amount payable under guidelines established under any State law or regulation pertaining to health care services rendered for occupationally ill/injured employees.* (Emphasis added.)

In 2002, HealthSouth provided extensive health care services to two individuals insured by Wausau for job-related injuries. The patients assigned their insurance benefits to HealthSouth, and it billed Wausau. Wausau audited the bills to determine the amount due under the then-current Fee Guideline propounded by the Texas Workers' Compensation Commission, pursuant to the provision of the contract emphasized above.[1] Wausau discounted HealthSouth's

---

1. This case arose before the 2005 amendments to the workers' compensation statutory

bills for the two patients at issue (1) from $65,693.25 to $16,609.84, and (2) from $53,566.62 to $17,598.30. Wausau paid HealthSouth the discounted amounts and refused reconsideration.[2]

HealthSouth filed requests for medical dispute resolution with the Division. The Division dismissed the requests, stating:

> This is a contractual dispute regarding a pre-negotiated contract with a preferred provider organization. Dates of service 11/13/02 through 11/17/02 [or 04/22/02 through 04/26/02] are in dispute. The Commission's Medical Review Division does not have jurisdiction in medical disputes involving contract disputes between a healthcare provider and insurance company. This Dismissal does not constitute a review of this medical fee dispute. Therefore, your right to request a hearing at the State Office of Administrative Hearings is not applicable to this medical fee dispute.

HealthSouth then filed this lawsuit against Wausau, attempting to recover the discounted amounts pursuant to contract theories. Originally, HealthSouth sought relief as the assignee of the two patients. In an amended petition (filed after the date of the order appealed from here), HealthSouth claimed a right to recover as a third party beneficiary of the Wausau–First Health Group contract.

Wausau filed a plea to the jurisdiction, arguing the Division has exclusive jurisdiction over fee disputes between healthcare providers and insurers, and that HealthSouth had not exhausted its administrative

remedies. The trial court granted the plea, dismissing HealthSouth's claims "until [HealthSouth] exhausts its administrative remedies pursuant to the Texas Workers' Compensation Act." HealthSouth appeals.

## PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n*, 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Dismissing a cause of action for lack of subject-matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Freeman v. Wirecut E.D.M., Inc.*, 159 S.W.3d 721, 727 (Tex.App.-Dallas 2005, no pet.).

When the legislature grants an administrative body the sole authority to

---

scheme. The Texas Workers' Compensation Commission was abolished by those amendments, and its authority is now vested in the Texas Department of Insurance, Division of Workers' Compensation. We will refer to this agency, regardless of the time period involved, as the Division.

2. The parties apparently disagreed specifically concerning the application of the Guideline's "stop-loss rule." In the Commission's Acute Care Inpatient Hospital Fee Guideline, "Stop–Loss Payment" is defined as "[a]n independent method of payment for an unusually costly or lengthy stay." 28 TEX. ADMIN. CODE § 134.401(b)(F) (1997).

make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex.2006). If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Id.* Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. *Id.*

■ Through the workers' compensation statutory scheme, the legislature has given a health care provider the right to a review when the provider has rendered a medical service but has been paid a reduced amount for that service. TEX. LAB. CODE ANN. § 413.031(a)(1) (Vernon 2006). By granting the Division the sole authority to make an initial determination of a medical fee dispute, the Legislature has given the Division exclusive jurisdiction over such a dispute. *See Thomas*, 207 S.W.3d at 340; *see also Howell v. Tex. Workers' Compensation Comm'n*, 143 S.W.3d 416, 435 (Tex.App.-Austin 2004, pet. denied).

■ HealthSouth did initially submit its claims to the Division. However, once the Division dismissed those claims, HealthSouth abandoned the statutory workers' compensation system and initiated suit in the trial court below. HealthSouth's pleadings relied on the patient-beneficiaries' assignment of their benefits. It alleged Wausau breached its duties to honor those assignments and to make payment to HealthSouth of the assigned insurance benefits. HealthSouth subsequently filed an amended petition, alleging it was a third-party beneficiary of Wausau's contract with Health First. But that amended petition was filed *after* the trial court granted Wausau's plea to the jurisdiction and dismissed the case. HealthSouth's untimely effort to recharacterize its theory of recovery was ineffective to change the nature of its claim. As HealthSouth concedes in its briefing in this Court, the only dispute these parties have "is the amount to be paid." As the trial court correctly concluded, it is the Division's exclusive duty to determine "the amount to be paid." *See Howell*, 143 S.W.3d at 435.

■ Finally, the trial court had no jurisdiction to review the dismissal order of the Division in an appellate capacity. If the order is subject to judicial review, that review can only be had in the courts of Travis County. *See* TEX. GOV'T CODE ANN. § 2001.176(b)(1) (Vernon 2000) (petition initiating judicial review of contested case "must be filed in a Travis County district court").

The trial court correctly concluded it was impossible for HealthSouth's petition to confer jurisdiction on the trial court. Thus, it correctly granted Wausau's plea to the jurisdiction. *See Freeman*, 159 S.W.3d at 727. We overrule HealthSouth's first issue.

## MOTION TO COMPEL

In its second issue, SouthHealth complains that the trial court refused to compel Wausau to produce "its contracts, agreements, or understandings with First Health pertaining to healthcare services provided by [SouthHealth] to [the beneficiary-patients]." But HealthSouth provides no legal argument or authority to support this contention, and so presents nothing for our review. *See* TEX.R.APP. PP. 38.1(h); *Huey v. Huey.* 200 S.W.3d 851, 854 (Tex.App.-Dallas 2006, no pet.). We overrule HealthSouth's second issue as well.

We affirm the trial court's order.