MAIN REHABILITATION & DIAGNOSTIC CENTER, LLC, Fort Worth Rehab Group, Inc., and Americare Pain Management, LLC, Appellants

v.

LIBERTY MUTUAL INSURANCE COMPANY and Texas Department of Insurance, Division of Workers' Compensation, Appellees.

No. 05–11–00189–CV.

Court of Appeals of Texas, Dallas.

July 13, 2012.

W.D. Masterson, Theodore Anderson, John H. Crouch, Kilgore & Kilgore, PLLC, Dallas, TX, for Appellants.

David L. Plaut, Robert Fred Josey, Catherine L. Hanna, Hanna & Plaut, L.L.P., Nicholas Canaday, III, Assistant

Attorney General, Administrative Law Division, Austin, TX, for Appellees.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Main Rehabilitation & Diagnostic Center, LLC, Fort Worth Rehab Group, Inc., and Americare Pain Management, LLC (collectively appellants) provide treatment and rehabilitation services to injured workers. Liberty Mutual Insurance Company (Liberty Mutual) is the workers' compensation insurance carrier for the employers of some of the injured workers that have been treated by appellants.

Appellants sued Liberty Mutual on a sworn account alleging that, between August 1, 2003 and March 1, 2008, appellants provided services in a Health Professional Shortage Area (HPSA) to workers covered by a workers' compensation policy issued by Liberty Mutual. Appellants asserted they were statutorily entitled to a ten percent incentive payment, paid quarterly, for the professional services provided in an HPSA and that Liberty Mutual failed to make these incentive payments.

The Texas Department of Insurance, Division of Workers' Compensation (the Division) intervened in the lawsuit asserting the claims for HPSA incentive payments are medical fee disputes that fall within the Division's original, exclusive jurisdiction. Liberty Mutual filed a plea to the jurisdiction and the Division filed a motion to dismiss for lack of subject matter jurisdiction. Both Liberty Mutual and the Division argued the Division had exclusive jurisdiction over appellants' claims and appellants failed to exhaust their administrative remedies prior to filing suit. The trial court dismissed the case.

In one issue on appeal, appellants argue the trial court erred by concluding it lacked jurisdiction over appellants' claims because the HPSA incentive payments were not medical fees subject to the Division's Medical Dispute Resolution (MDR) process. We affirm the trial court's judgment.

## Intervention

 Appellants initially assert the Division is not a proper party to this appeal because the trial court did not grant the Division's plea in intervention. However, rule of civil procedure 60 allows a party to intervene in a lawsuit by "filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. The intervenor is not required to receive leave to intervene from the trial court. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990). Rather, "the party who opposed the intervention has the burden to challenge it by a motion to strike." *Id.; see also Bryant v. United Shortline Inc. Assurance Servs.*, 984 S.W.2d 292, 295 (Tex.App.-Fort Worth 1998, no pet.) ("[T]he liquidator has waived any right to complain of the bank's intervention because she failed to file a motion to strike and obtain a ruling."); *see also In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex.2008) (orig. proceeding) (per curiam) (rule 60 allows a party with a "justiciable interest" in a pending suit to intervene as a matter of right).

Appellants filed a response to the Division's intervention, in which they opposed the intervention, but did not file a motion to strike the intervention and did not obtain a ruling from the trial court striking the intervention. Accordingly, the Division was a party to the case in the trial court and is a party to this appeal.

## Plea to the Jurisdiction

 A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a

cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000).[1] A plea challenges the trial court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex.2010). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.; Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004).

■■■■ The plaintiff has the burden to affirmatively demonstrate the trial court has subject matter jurisdiction. *Heckman*, 369 S.W.3d at 149; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). While we begin our analysis with the live pleadings, we may also consider evidence relevant to the jurisdictional inquiry and must consider such evidence when it is necessary to resolve the jurisdictional issue. *Heckman*, 369 S.W.3d at 149. "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Id.* We must grant the plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Id.* "If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001).

■■■■ Liberty Mutual and the Division challenged the trial court's jurisdiction on the ground the Division had exclusive jurisdiction over appellants' claims for the HPSA incentive payments and appellants failed to exhaust their administrative remedies prior to filing suit. Whether the Division has exclusive jurisdiction over appellants' claims is a question of law that we review de novo. *Employees Retirement Sys. of Tex. v. Duenez*, 288 S.W.3d 905, 909 (Tex.2009).

■■■■ When the Legislature grants an administrative agency the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex.2006); *Health-South Med. Ctr. v. Employers Ins. Co. of Wausau*, 232 S.W.3d 828, 830–31 (Tex. App.-Dallas 2007, pet. denied). Whether the Legislature has vested exclusive jurisdiction in an agency is determined by examination and construction of the relevant statutory scheme. *Thomas*, 207 S.W.3d at 340 (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002)). An agency has exclusive jurisdiction when the Legislature expressly grants the agency exclusive jurisdiction or when a "pervasive regulatory scheme" reflects legislative intent that an agency have the sole power to make the initial determination in the dispute. *Duenez*, 288 S.W.3d at 908–09; *Thomas*, 207 S.W.3d at 340. If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review. *Duenez*, 288 S.W.3d at 908; *HealthSouth Med. Ctr.*, 232 S.W.3d at 831. Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling.

---

1. Because the Division's motion to dismiss challenged the trial court's subject matter jurisdiction, we consider it as we would a plea to the jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n. 3 (Tex.2001); *Haddy v. Caldwell*, 355 S.W.3d 247, 250 (Tex.App.-El Paso 2011, no pet.); *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (motion to dismiss for lack of jurisdiction is functional equivalent of a plea to the jurisdiction).

*Thomas*, 207 S.W.3d at 340; *HealthSouth Med. Ctr.*, 232 S.W.3d at 831.

## Medical Fee Guidelines

The Legislature has granted extensive authority to the Division to regulate the amounts of reimbursement health care providers may receive under the workers' compensation system. *See* Tex. Lab. Code Ann. § 413.011 (West Supp. 2011); *Apollo Enters., Inc. v. ScripNet, Inc.*, 301 S.W.3d 848, 860 (Tex.App.-Austin 2009, no pet.). Pursuant to section 413.011 of the labor code, the Division must "adopt health care reimbursement policies and guidelines that reflect the standardized reimbursement structures found in other health care delivery systems with minimal modifications to those reimbursement methodologies as necessary to meet occupational injury requirements." Tex. Lab. Code Ann. § 413.011(a). To achieve standardization, the Division is required to "adopt the most current reimbursement methodologies, models, and values or weights used by the federal Centers for Medicare and Medicaid Services, including applicable payment policies relating to coding, billing, and reporting." *Id.* However, in determining the "appropriate fees," the Division must "develop one or more conversion factors or other payment adjustment factors" considering both economic indicators in health care and the necessity for the fee guidelines to be fair and reasonable, to be designed to ensure the quality of medical care, and to achieve effective medical cost control. *Id.* § 413.001(b), (d).

For professional services provided between August 1, 2003 and March 1, 2008, the Division adopted federal Medicare fee guidelines for coding, billing, reporting, and reimbursement of professional medical services provided in the Texas workers' compensation system. 28 Tex. Admin. Code § 134.202(b) (Tex. Dep't of Ins., Div. of Workers' Comp., Medical Fee Guideline); § 134.203(a)(3) (Tex. Dep't of Ins., Div. of Workers' Comp., Medical Fee Guideline for Professional Services). As relevant to this appeal, the Division adopted Medicare HPSA incentive payments for professional services provided under the workers' compensation in designated areas.[2] A HPSA payment is a ten percent incentive, based on the amount actually paid for a service, that is remitted to doctors who provide professional services within an area designated as a HPSA. *See* Centers for Medicare and Medicaid Services, Medicare Claims Processing Manual, ch. 12, § 90.4 (June 29, 2007), *available at* http://www.cms.gov/Regulations-and-Guidance/Manuals/downloads/clm104c12.pdf. The Division and Liberty Mutual presented evidence, in the form of an April 2005 Medical Dispute Newsletter published by the Division's Medical Review Division, that HPSA incentive payments were handled differently under the Medicare system and the Texas workers' compensation system:

> Medicare reimburses HPSA and [Physician Shortage Area] incentive payments on a quarterly basis and on the amount actually paid for the services provided. Insurance carriers in the Texas workers' compensation system should reimburse those services that qualify for the HPSA and PSA incentive payments on a per line, per bill basis, and on the amount actually paid.

## Medical Fee Disputes

A health care provider under the workers' compensation system has the right to

---

**2.** The HPSA incentive payments do not apply to services provided after March 1, 2008. Rather, for those services, a ten percent incentive payment "shall be added to the maximum allowable reimbursement (MAR)" for eligible services "performed in a designated workers' compensation underserved area." 28 Tex Admin. Code §§ 134.2, 134.203(b)(2).

seek MDR before the Division when the provider has rendered a medical service but has been paid a reduced amount for that service. TEX. LAB. CODE ANN. § 413.031(a)(1) (West Supp. 2011);[3] *Fodge,* 63 S.W.3d at 803; *Cont'l Cas. Ins. Co. v. Functional Restoration Assoc.,* 19 S.W.3d 393, 396 (Tex.2000) (outlining general procedure for review of medical bills under prior version of section 413.031 of the labor code). "In resolving disputes over the amount of payment due" for a medical service, it is the role of the Division "to adjudicate the payment given the relevant statutory provisions and commissioner rules." TEX. LAB. CODE ANN. § 413.031(c).

When a health care provider seeks payment from an insurance carrier for treatment of a workers' compensation claimant, it must first submit a medical bill to the carrier. 28 TEX. ADMIN. CODE § 133.20(a) (Tex. Dep't of Ins., Div. of Workers' Comp., Medical Bill Submission by Health Care Provider). If the carrier denies or reduces the payment and the health care provider is dissatisfied with the carrier's action, the health care provider must request reconsideration from the carrier before pursuing further action. 28 TEX. ADMIN. CODE § 133.250 (Tex. Dep't of Ins., Div. of Workers' Comp., Reconsideration for Payment of Medical Bills).[4] If still dissatisfied with the carrier's action, the health care provider may request MDR.

*Id.* §§ 133.305 (Tex. Dep't of Ins., Div. of Workers' Comp., MDR–General); 133.307 (Tex. Dep't of Ins., Div. of Workers' Comp., MDR of Fee Disputes). After MDR is completed, the nonprevailing party may request a contested case hearing before the State Office of Administrative Hearings (SOAH). 28 TEX. ADMIN. CODE § 133.307(g)(2). A party who·has exhausted·its administrative remedies and is aggrieved by a final SOAH decision may seek judicial review in a Travis County district court. *Id.* § 133.307(g)(3); *see* TEX. GOV'T CODE ANN. § 2001.176(b)(1) (West 2008) (requiring request for judicial review to be filed in Travis County unless otherwise provided by statute); *see also Apollo Enters. Inc.,* 301 S.W.3d at 860–61 (describing regulatory framework for resolution· of medical fee dispute).

## Application

■ Appellants admit ·they did not submit the dispute over the HPSA incentive payments to the Division's MDR process, but contend a HPSA incentive payment is not a fee and, therefore, any dispute over the HPSA incentive payments was not subject to the MDR process. However, appellants' claim to the HPSA incentive payments is derived from the "Medical Fee Guidelines" adopted by the Division. The fee guidelines provide for a ten percent incentive payment, based on the amount actually paid, for professional ser-

---

**3.** Section 413.031 of the labor code was amended several times between August 2003 and the date suit was filed. Because the amendments do not affect the substantive analysis in this case, we will cite to the current statute for convenience.

**4.** Although the applicable rules have been amended throughout the time period covered by appellants' claims, the basic regulatory scheme covering medical dispute resolution of medical claims under the workers' compensation statute has remained the same. *See* 26 Tex. Reg. 2115, 2131–35 (2000) (Tex.

Workers' Comp. Comm'n, Dispute & Audit of Bills by Ins. Carriers) (originally codified at 28 TEX. ADMIN. CODE § 133.304), *repealed,* 31 Tex. Reg. 3544 (July 15, 2006) (proposed Feb. 10, 2006); *see also Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.,* 136 S.W.3d 643, 656–57 (Tex.2004) (noting that under Medical Fee Guideline 1996 promulgated by the Division, any party not satisfied with the Division's decision on proper payment of claim "may continue the review process through [the State Office of Administrative Hearings] and then the courts").

vices provided in a designated area. If appellants did not receive the HPSA incentive payment for any eligible service provided, they necessarily received a reduced payment for that service. When a provider has received a reduced payment for a medical service rendered in the workers' compensation system and is dissatisfied with the payment, the provider has the right to seek MDR before the Division. TEX. LAB. CODE ANN. § 413.031(a)(1); *HealthSouth Med. Ctr.*, 232 S.W.3d at 831; *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 435 (Tex.App.-Austin 2004, pet. denied) ("Because the statutory scheme demonstrates that the legislature has granted to the [Division] the sole authority to make an initial determination of a medical fee or medical necessity dispute, we hold that the [Division] has exclusive jurisdiction over these disputes.")

Appellants contend it was impossible to timely submit any dispute regarding an unpaid HPSA incentive payment to the Division because the amount actually paid for a service was often not determined until the underlying claim was submitted to MDR. Appellants argue that, pursuant to the Medicare guidelines, the HPSA payment was based on the amount actually paid and was required to be paid quarterly. Therefore, by the time the amount actually paid was determined, any MDR claim for the HPSA incentive payment was time-barred. *See* 28 TEX. ADMIN. CODE § 133.307(c)(1) (with certain exceptions, a request for MDR of medical fee dispute must be filed no later than one year after date of service in dispute).

The Division and Liberty Mutual submitted evidence that, although Medicare guidelines required a HPSA incentive payment to be made quarterly, Division rules require a HPSA incentive payment to be made on a per bill, per line basis. Specific provisions in the workers' compensation act or rules promulgated by the Division take precedence over any conflicting provision used in administering the Medicare program. 28 TEX. ADMIN. CODE § 134.202(a)(4). Accordingly, when appellants received a payment on any bill, the payment should have included the HPSA incentive payment on any eligible service. If the HPSA incentive payment was not made, appellants were required to pursue any dispute over the HPSA incentive payment, along with any other dispute over a reduced payment, by first invoking the administrative process. This, appellants failed to do. We resolve appellants' sole issue against them.

## Conclusion

The statutory scheme demonstrates the Legislature has granted to the Division the sole authority to make an initial determination of a medical fee dispute and that the Division has exclusive jurisdiction over appellants' claims for the HPSA incentive payments. *See HealthSouth Med. Ctr.*, 232 S.W.3d at 831; *Howell*, 143 S.W.3d at 435. Accordingly, appellants were required to exhaust their administrative remedies prior to seeking judicial review.

Because appellants failed to submit the dispute over any unpaid HPSA incentive payment to the Division's MDR process prior to filing suit, the trial court properly determined it did not have jurisdiction over appellants' claims. We affirm the trial court's judgment dismissing appellants' claims.