AFFIRM; Opinion issued October 24, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00077-CV

## DOROTHY OLLIE, Appellant

V.

## PLANO INDEPENDENT SCHOOL DISTRICT, TAMIRA GRIFFIN, DOUGLAS OTTO, AND TAMMY RICHARDS, Appellees

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-04411-2011

## OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Dorothy Ollie brought breach of contract and tort claims against the Plano Independent School District (PISD), Tamira Griffin, individually and as the PISD's Executive Director of Human Resources, Douglas Otto, individually and as the PISD's Superintendent of Schools, and Tammy Richards, individually and as President of the PISD's Board of Trustees, based on the termination of Ollie's employment with the PISD. The trial court granted appellees' plea to the jurisdiction, dismissed Ollie's claims, and assessed attorney's fees as sanctions against Ollie. In four issues, Ollie argues (1) the trial court abused its discretion by assessing sanctions against her, (2) the federal district court presiding over a previous lawsuit filed by Ollie against the PISD did not have

jurisdiction over Ollie's employment contract, (3) the trial court erred by granting appellees' plea to the jurisdiction, and (4) the Texas Education Agency (TEA) had jurisdiction to investigate Ollie's complaints against the PISD. We affirm the trial court's judgment.

## Background

Ollie began working as a school teacher for the PISD in 1998. In 2006, she filed a lawsuit against the PISD in the United States District Court for the Eastern District of Texas (the district court) asserting claims of racial discrimination, hostile work environment, and retaliation under Title VII of The Civil Rights Act of 1964 (Title VII)[1] and age discrimination under the Age Discrimination in Employment Act (ADEA).[2] On March 22, 2007, Ollie signed a new employment contract with the PISD for a three-year period commencing on September 1, 2007 and ending on August 31, 2010.

At a March 29, 2007 mediation, Ollie and the PISD entered into a handwritten settlement agreement of Ollie's claims in the federal litigation. The terms of the agreement provided the PISD would pay Ollie twenty months' compensation and Ollie would be placed on administrative leave effective March 30, 2007. Following the mediation, Ollie refused to sign a formal settlement agreement that required her to resign her employment at the end of the twenty-month period encompassed by the settlement agreement. Ollie claimed the parties intended that she would have an opportunity to research the amount of time she needed to qualify for full retirement benefits. The PISD filed a motion to enforce the settlement agreement. On June 25, 2007, the district court signed an order enforcing the settlement agreement as to Ollie's Title VII claims, but not as to her claims

---

[1] 42 U.S.C.A. §§ 2000e–2000e-17 (West 2003).

[2] 29 U.S.C.A. §§ 621–634 (West 2008). Ollie also asserted claims for violations of her civil rights under 42 U.S.C.A. § 1983 (West 2012), intentional infliction of emotional distress, and breach of contract based on Ollie's removal as a "Team Leader." The federal district court dismissed these claims, as well as Ollie's claims for punitive damages. These claims do not affect this appeal.

under the ADEA.

On July 30, 2007, Ollie contacted the PISD about returning to work in August 2007. Griffin responded that, pursuant to the terms of the settlement agreement, Ollie was on administrative leave for twenty months. Griffin subsequently explicitly informed Ollie that the twenty-month paid administrative leave was a "buyout" of Ollie's contract with the PISD. Ollie responded that the twenty-month period of administrative leave contemplated by the settlement agreement was separate from her employment contract. The PISD then filed a Request for Clarification in the district court seeking a specific finding that the settlement agreement superceded Ollie's employment contract with the PISD.

On July 21, 2008, the district court granted the PISD's motion for clarification and determined "the intent of the parties was for the 20 months time frame to enable Ollie to draw full retirement benefits, and, therefore, the parties intended the terms of the settlement agreement to override and replace her teaching contract." The district court found that the fact Ollie later determined she needed more than twenty months of administrative leave to qualify for full retirement benefits "was a unilateral mistake on her part" and Ollie had not established she was entitled to rescind the agreement due to her mistake. The district court found the settlement agreement "supercedes Ollie's teaching contract."

On September 19, 2008, the district court granted the PISD's motion for summary judgment on Ollie's age discrimination claim. Thereafter, Ollie filed a pro se appeal to the Fifth Circuit Court of Appeals of the district court's rulings on her Title VII and age discrimination claims. On December 2, 2008, Ollie received a termination notice from Griffin stating that, in accordance with the settlement agreement, Ollie's employment with the PISD was terminated effective November 28, 2008.

On April 8, 2009, the Fifth Circuit issued its opinion affirming, in part, and reversing, in part, the district court's judgment. The Fifth Circuit affirmed the dismissal of Ollie's claims under the ADEA because (1) most of the alleged discriminatory conduct occurred more than 300 days before Ollie filed suit and, therefore, could not support her claims, and (2) Ollie had not produced evidence raising an issue of fact as to whether the PISD's legitimate, non-discriminatory reason for the purported employment decision was a pretext. The Fifth Circuit reversed the district court's judgment as to Ollie's claims under Title VII. Relying on the district court's finding that the intent of the parties in entering the settlement agreement was for the twenty-month time frame to allow Ollie to draw full retirement benefits, the Fifth Circuit concluded "the mistake as to whether twenty months was sufficient for this purpose was mutual, not unilateral." The Fifth Circuit remanded the case to the district court to make the necessary findings to determine whether, under the totality of the circumstances, Ollie had established the defense of mutual mistake. On June 22, 2009, the PISD filed a motion in the district court to enforce the settlement agreement.

In October 2009, Ollie filed a complaint with the TEA asserting the PISD had breached the employment contract. The PISD requested Ollie's complaint be dismissed because the TEA did not have jurisdiction over the complaint due to Ollie's failure to exhaust her administrative remedies with the PISD.

On March 30, 2010, the district court granted the PISD's motion to enforce the settlement agreement, finding Ollie had failed to establish the defense of mutual mistake and, on March 31, 2010, entered final judgment disposing of Ollie's Title VII claims. On April 14, 2011, the TEA dismissed Ollie's complaint due to lack of jurisdiction. In his decision, Robert Scott, the Commissioner of Education, determined that section 7.057(a)(2) of the education code was

-4-

applicable to Ollie's claims.[3] Scott further determined the PISD had grievance policies that allowed claims to be brought concerning wages, hours, and conditions of work. Scott noted that, while there were some exceptions to the PISD's grievance policies, none of those exceptions applied to Ollie's claims. Scott found that Ollie failed to file a grievance concerning the PISD's refusal to allow Ollie to work and failing to pay her after November 28, 2008. Because Ollie failed to exhaust her administrative remedies by filing a grievance with the PISD, the TEA concluded it did not have jurisdiction over her complaint.

On September 8, 2011, Ollie sent a demand letter to appellees. Appellees responded and informed Ollie that (1) the district court had rejected Ollie's claims that her teaching contract was still in effect and the settlement agreement was obtained by fraud, and (2) appellees had immunity from Ollie's tort claims under the Texas Tort Claims Act (the TTCA). Appellees informed Ollie that, if she proceeded with a lawsuit, appellees would seek reimbursement of their attorney's fees as sanctions for a groundless and/or frivolous pleading. On October 24, 2011, Ollie filed this lawsuit.

Appellees filed an answer, asserting a general denial, a specific denial that Ollie had exhausted her administrative remedies, and a number of affirmative defenses, including that Ollie's claims were barred by immunity and by her failure to exhaust administrative remedies and that the trial court lacked subject matter jurisdiction over Ollie's claims. Appellees also filed a plea to the jurisdiction and a motion for sanctions. Appellees contended the trial court did not have jurisdiction over Ollie's breach of contract and employment claims because she failed to exhaust her

---

[3] Section 7.057(a)(2) of the education code allows a person to appeal to the commissioner if the person is aggrieved by actions or decisions of any school district board of trustees that violate either the school laws of Texas or a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee. TEX. EDUC. CODE ANN. § 7.057(a)(2) (West Supp. 2012).

–5–

administrative remedies with the PISD. Appellees also argued that Ollie's tort claims were barred by (1) governmental immunity, and (2) section 101.060 of the civil practice and remedies code because Ollie sued both the PISD and the individual employees and board members. Appellees further asserted Ollie had notice prior to filing suit of the legal bars to her claims and, therefore, should be sanctioned under the education code, the civil practice and remedies code, or the rules of civil procedure for filing a frivolous or groundless lawsuit.

Ollie responded to the plea to the jurisdiction, arguing her breach of contract claim was a cause of action under state law over which the federal district court did not have jurisdiction, appellees had waived their claims by not pleading them in their original answer, and she had standing to assert the claims. She further argued appellees did not have immunity from her tort claims because appellees were not acting in the course and scope of their employment. She finally asserted she was not required to exhaust her administrative remedies under the PISD's grievance process because the PISD failed to provide her with notice prior to her termination as required by chapter 21 of the education code. Ollie also responded to appellees' motion for sanctions asserting her claims were not frivolous.

The trial court granted appellees' plea to the jurisdiction and dismissed Ollie's claims. The trial court also found that, prior to filing the lawsuit, Ollie "had specific knowledge of the legal bars to her claims in this suit, and this lawsuit is therefore frivolous, groundless, and/or brought for an improper purpose such as to harass or needlessly increase [appellees'] litigation costs." The trial court granted appellees' motion for sanctions and awarded appellees $4,192.50 as reasonable and necessary attorney's fees pursuant to section 11.161 of the education code, sections 9.012 and 10.004 of the civil practice and remedies code, and rule of civil procedure 13. The trial court also awarded contingent attorney's fees of $21,500 for an unsuccessful appeal by Ollie to this court and $21,500

for an unsuccessful appeal by Ollie to the supreme court.

## Plea to the Jurisdiction

In her third issue, Ollie generally contends the trial court erred by granting appellees' plea to the jurisdiction because (1) appellees waived their claim to immunity by filing a general denial, and (2) Griffin, Otto, and Richards waived immunity by acting outside the course and scope of their employment.

### *Procedural Waiver By Appellees*

Ollie first argues appellees waived their claim to immunity by filing only a general denial. However, subject matter jurisdiction cannot be waived. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam); *see also Rusk State Hosp. v. Black*, No. 10-0548, 2012 WL 3800218, at *5–6 (Tex. Aug. 31, 2012) (claim of immunity by governmental entity can be raised for first time on appeal). Further, as noted above, appellees specifically denied that Ollie exhausted her administrative remedies, and asserted the affirmative defenses of governmental immunity, failure to exhaust administrative remedies, and that the trial court did not have subject matter jurisdiction over Ollie's claims. Appellees also specifically challenged the trial court's subject matter jurisdiction in their plea to the jurisdiction. We conclude appellees did not waive their claim the trial court did not have subject matter jurisdiction over Ollie's claims.

### *Standard of Review*

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea challenges the trial court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012). The existence of subject-matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction.

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to affirmatively demonstrate the trial court has subject matter jurisdiction. *Heckman*, 369 S.W.3d at 150; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). While we begin our analysis with the live pleadings, we may also consider evidence relevant to the jurisdictional inquiry and must consider such evidence when it is necessary to resolve the jurisdictional issue. *Heckman*, 369 S.W.3d at 150. "We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent." *Id.* We must grant the plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Id.* "If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001).

### Ollie's Tort Claims

Reading Ollie's petition liberally, she asserted (1) claims for interference with an existing employment contract, intentional infliction of emotional distress, negligence, and negligent misrepresentation against the PISD, (2) a claim for breach of fiduciary duty against the PISD's "Board of Trustees," (2) a claim for abuse of process against Otto and the PISD's "Board Members," (4) a claim for fraud against the PISD, Griffin, and Richards, and (5) a claim for conspiracy against the PISD, Richards, Otto, and Griffin. In their plea to the jurisdiction, appellees asserted the trial court did not have subject matter jurisdiction over Ollie's tort claims because the PISD retained governmental immunity under the TTCA from all tort claims other than those arising from the use of a motor vehicle. Appellees also asserted Ollie's tort claims should be dismissed because her

election to sue both the PISD and the individual defendants barred any recovery by Ollie pursuant to section 101.060 of the civil practice and remedies code. The trial court did not state the ground on which it granted appellees' plea to the jurisdiction.

Governmental immunity protects a school district from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Accordingly, a governmental entity, including a school district, cannot be sued without its consent. *Garcia*, 253 S.W.3d at 655 (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)); *Wilson v. Dallas Indep. Sch. Dist.*, No. 05-11-00468-CV, 2012 WL 3264943, at *2 (Tex. App.—Dallas Aug. 13, 2012, no pet.) (governmental immunity deprives trial court of subject matter jurisdiction over governmental unit of State unless State consents to suit). A governmental entity's employee, acting within the course and scope of his employment, has the same immunity as the governmental entity. *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 373 (Tex. 2012) ("The doctrine of governmental immunity protects the public fisc by prohibiting suits against governmental units (or their employees acting within the scope of their employment) except in narrow circumstances prescribed by statute."); *see also Bates v. Dallas Indep. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex. App.—Dallas 1997, writ denied) ("Trustees and agents of a school district, while acting in an official capacity, enjoy the same governmental immunity as does the school district.").

Whether a governmental entity is immune from tort liability for a particular claim depends entirely upon statute. *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998); *see Garcia*, 253 S.W.3d at 655. The TTCA provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.023 (West 2011); *Garcia*, 253 S.W.3d at 655. For

–9–

a school district, the TTCA's waiver of immunity encompasses "only tort claims involving the use or operation of motor vehicles." *Garcia*, 253 S.W.3d at 656; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (West 2011).

Appellees asserted in their plea to the jurisdiction that governmental immunity deprived the trial court of subject matter jurisdiction over Ollie's tort claims. Appellees specifically argued the TTCA waives governmental immunity for a school district only for tort claims arising from the use or operation of a motor vehicle and, because Ollie's claims did not involve the use or operation of a motor vehicle, governmental immunity had not been waived by the TTCA. On appeal, Ollie does not challenge the trial court's dismissal of her tort claims because the claims did not relate to the use of a motor vehicle. By failing to challenge one possible ground of the trial court's ruling, Ollie has waived any error by the trial court in dismissing Ollie's tort claims against the PISD. TEX. R. APP. P. 38.1(i); *Clifton v. Walters*, 308 S.W.3d 94, 99 (Tex. App.—Fort Worth 2010, pet. denied) (appellants waived argument about having standing, a component of subject matter jurisdiction, by failing to adequately brief argument on appeal); *San Antonio State Hosp. v. Guerrero*, No. 04-04-00396-CV, 2004 WL 2236619, at *1 (Tex. App.—San Antonio Oct. 6, 2004, no pet.) (mem. op.) (trial court's order denying plea to jurisdiction was affirmed because governmental entity failed to attack on appeal all possible bases for trial court's ruling).

On appeal, Ollie contends Griffin, Otto, and Richards waived their immunity by not acting within the course and scope of their employment. The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2012). Ollie's tort claims are all premised on the individual appellees' alleged actions, or failure to act, in connection

with Ollie's employment contract with the PISD. The complained about actions or inactions were all generally related to the individual appellees' service to the PISD and fall within the performance of a task lawfully assigned to them. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994) (for purposes of TTCA, an official acts within scope of her authority if she is discharging duties generally assigned to her); *Anderson v. Bessman*, 365 S.W.3d 119, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("If the purpose of serving the employer's business motivates the employee, his acts are within the scope of employment."); *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004) (members of city's Board of Adjustment's action were in discharge of the duties generally assigned to them even though court had found members were incorrect in revoking permit). Because Ollie failed to allege any acts against the individual appellees that fall outside the general scope of their employment, the individual appellees have not waived immunity. *City of N. Richland Hills*, 370 S.W.3d at 373; *Bates*, 952 S.W.2d at 551; *see also* TEX. EDUC. CODE ANN. § 22.0511(a) (West Supp. 2012) (except in circumstances in which professional employee of school district uses excessive force in discipline of student or negligence resulting in bodily injury to students, professional employee of school district is not personally liable for any act that is incident to or within scope of duties of employee's position of employment and that involves exercise of judgment or discretion on part of employee).[4] We conclude the trial court did not err by granting appellees' plea to the jurisdiction as to Ollie's tort claims.

*Ollie's Breach of Contract and Wrongful Termination Claim*

Appellees' plea to the jurisdiction also asserted the trial court did not have subject matter jurisdiction over Ollie's breach of contract and wrongful termination claims because Ollie failed to

---

[4] Based on our resolution of this issue, we need not address appellees' contention that Ollie's election to sue both the PISD and the individual appellees barred Ollie's claims against appellees. *See* TEX. R. APP. P. 47.1.

exhaust her administrative remedies. Ollie admits she did not file a grievance under the PISD's internal grievance process, but claims she did not receive notice of her termination as required by chapter 21 of the education code.[5] Ollie argues that, because she did not receive the required notice, she was deprived of an opportunity to utilize the PISD's grievance process.

As noted by Scott in the TEA's Commissioner's Decision, Ollie is not claiming her contract was terminated by the settlement agreement. Rather, she claims her contract is still in effect and is complaining the PISD has refused to allow her return to work and refused to pay her after November 28, 2010. Accordingly, the procedures set out in chapter 21 of the education code do not apply to Ollie's claims. Other than certain listed exceptions, the PISD grievance policy applies to "all employee complaints." None of the exceptions apply to the claims asserted by Ollie in this lawsuit. We agree with the TEA that Ollie could have availed herself of the PISD's grievance process "to bring before the board of trustees the claim that her contract was still in effect when the administration held the contract had been terminated by agreement."

We, therefore, must determine whether Ollie was required to exhaust her administrative remedies prior to filing suit. Generally, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002); *Main Rehab. & Diagnostic Ctr., LLC v. Liberty Mut. Ins. Co.*, No. 05-11-00189-CV, 2012 WL 2890413, at *2 (Tex. App.—Dallas July 13, 2012, no pet.). Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the

---

[5] Under the education code, a teacher can, under certain circumstances, resign from an employment contract or the school district can terminate an employment contract for good cause. TEX. EDUC. CODE ANN. §§ 21.210, 21.211(a)(1) (West 2006). If a teacher receives notice of a proposed decision to terminate the teacher's continuing contract, the teacher can request a hearing pursuant to subchapter F of the education code. *Id.* § 21.251(a) (West 2006).

agency's exclusive jurisdiction. *Subaru of Am., Inc.*, 84 S.W.3d at 221; *Main Rehab. & Diagnostic Ctr., LLC*, 2012 WL 2890413, at *2. "Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party of any legal rights. It is meant, rather, to provide an orderly procedure by which aggrieved parties may enforce those rights." *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied).

Texas requires an aggrieved party to exhaust all remedies provided under the applicable administrative scheme if the claim (1) concerns the administration of school laws, and (2) involves questions of fact. *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 111, 188 S.W.2d 568, 570 (1945); *Farran v. Canutillo Indep. Sch. Dist.*, No. 08-10-00289-CV, 2012 WL 2127727, at *9 (Tex. App.—El Paso June 13, 2012, pet. filed). The PISD's grievance process consists of four levels. An employee must file a compliant with the appropriate administrator within fifteen days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to a complaint. If the employee does not receive the requested relief, the employee can appeal the decision to the executive director of human resources, then to the superintendent, and finally to the board of trustees. After exhausting the PISD's grievance process, the employee must appeal the decision of the board of trustees to the Commissioner of Education. *See Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 241–42 (Tex. App.—El Paso 2012, no pet.). The Texas Commissioner of Education has exclusive jurisdiction over actions or decisions of any school district board of trustees that violate a provision of a written employment contract between the school district and a school district employee if a violation causes or would cause monetary harm to the employee. TEX. EDUC. CODE ANN. § 7.057(a)(2)(B) (West Supp. 2012); *Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Until the employee has exhausted her administrative remedies, she may not bring an independent breach of

contract action. *Nairn*, 366 S.W.3d at 241–42.

It is undisputed the PISD has an internal grievance process that applies to all employee complaints other than certain listed exceptions. Scott, the Commissioner of Education, determined the PISD's grievance process applied to Ollie's claims, none of the exceptions to the grievance process applied to Ollie's claims, and Ollie failed to exhaust her administrative remedies.[6] It is undisputed Ollie failed to file a grievance regarding the alleged violation of her employment contract. Because Ollie failed to exhaust the applicable administrative remedies, the trial court did not err by granting the plea to the jurisdiction with respect to the breach of contract and wrongful termination claims.

We resolve Ollie's third issue against her.

## Sanctions

In her first issue, Ollie argues the trial court abused its discretion by granting appellees' motion for sanctions. Appellees moved for sanctions under rule of civil procedure 13, chapter 9 and 10 of the civil practice and remedies code, and section 11.161 of the education code.

We review the trial court's award of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (review imposition of sanctions under either chapter 10 of the civil practice and remedies code or rule of civil procedure 13 for an abuse of discretion); *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (review award of attorney's fees under section 11.161 of the education code for abuse of discretion). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without

---

[6] Ollie did not appeal the decision of the TEA. Any appeal of the decision was required to be filed in a district court in Travis County, Texas. *See* TEX. EDUC. CODE ANN. § 7.057(d); *N. E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 444–45 (Tex. App.—San Antonio 2008, no pet.) (only Travis County district court had jurisdiction over appeal of TEA decision pursuant to section 7.057 of the education code).

reference to any guiding rules and principles.'" *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242.

Under section 11.161 of the education code, a trial court may award costs and reasonable attorney's fees in a civil suit brought under state law against an independent school district or an officer of an independent school district acting under color of office if the court finds the suit is frivolous, unreasonable, and without foundation and the suit is dismissed or judgment is for the defendant. TEX. EDUC. CODE ANN. § 11.161 (West 2006). In this case, the record shows Ollie was aware the district court had ruled the settlement agreement superceded the employment contract and that Ollie had failed to establish her defense of mutual mistake. Ollie also knew the TEA had dismissed her complaint alleging the PISD had breached the employment contract because the complaint was subject to the PISD's internal grievance procedure and Ollie failed to exhaust her administrative remedies. All arguments made by Ollie in this case were asserted in the district court and in the complaint filed with the TEA. Further, the PISD specifically notified Ollie in response to her demand letter that her claims were barred and it would seek to recover its attorney's fees if Ollie proceeded in filing this suit. The trial court found that, prior to filing suit, Ollie had specific knowledge of the legal bars to her claims and that this lawsuit was, therefore, frivolous, groundless, and/or brought for an improper purpose. The trial court also dismissed Ollie's claims against appellees.

We conclude the trial court did not abuse its discretion by awarding the PISD attorney's fees pursuant to section 11.161 of the education code. *See Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 350 (Tex. App.—San Antonio 2006, pet. denied) (op. on reh'g). We, therefore, need not

consider whether sanctions were appropriate under chapters 9 and 10 of the civil practice and remedies code or rule of civil procedure 13. TEX. R. APP. P. 47.1. We resolve Ollie's first issue against her.

## Jurisdiction of Federal District Court

In her second issue, Ollie asserts the district court did not have subject matter or personal jurisdiction to determine whether the settlement agreement superceded Ollie's employment contract. Ollie specifically argues her term contract is governed by subchapter B of the education code and, therefore, "lodged under State law and not under the power, authority nor jurisdiction of a U.S. Federal District Judge."

The trial court granted appellees' plea to the jurisdiction as to Ollie's tort claims based on governmental immunity and as to Ollie's breach of contract claims based on Ollie's failure to exhaust administrative remedies. Whether the district court properly exercised jurisdiction over a settlement agreement governing Ollie's Title VII claims does not impact this Court's analysis of whether the trial court properly determined it did not have subject matter jurisdiction over Ollie's claims in this case. Consequently, we need not address this issue. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that . . . addresses every issue raised and necessary to final disposition of the appeal."); *Williams v. Nexplore Corp.*, No. 05-09-00621-CV, 2010 WL 4945364, at *2, 3 (Tex. App.—Dallas Dec. 7, 2010, pet. denied) (mem. op.) (appellate court need not address whether trial court erred by denying motion for new trial because determination trial court lacked personal jurisdiction over defendant was dispositive of appeal); *Tex. Dep't of Pub. Safety v. Jenkins*, 262 S.W.3d 811, 813 (Tex. App.—Eastland 2008, no pet.).

## Jurisdiction of Texas Commissioner of Education

In her brief, Ollie lists, as a fourth issue, whether, under Texas law, "the Commissioner of

Education [had] power and authority to investigate [Ollie's] Complaint against [the PISD's] violations of Texas School and state laws . . . and under state and U.S. Constitutional law." Ollie failed to substantively address this issue in her brief.

An appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *see* TEX. R. APP. P. 38.9. However, an issue on appeal that is not supported by argument or citation to legal authority presents nothing for the court to review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Birnbaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). Accordingly, Ollie has waived any argument the TEA had jurisdiction to investigate her complaint. *See* TEX. R. APP. P. 38.1(i); *Lundy v. Masson*, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding that appellant failed to provide argument or cite authority for contention on appeal and appellate court was "not required to do the job of the advocate"). We resolve Ollie's fourth issue against her.

We affirm the trial court's judgment.

ROBERT M. FILLMORE
JUSTICE

120077F.P05

—17—



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOROTHY OLLIE, Appellant

No. 05-12-00077-CV      V.

PLANO INDEPENDENT SCHOOL
DISTRICT, TAMIRA GRIFFIN,
DOUGLAS OTTO, AND TAMMY
RICHARDS, Appellees

Appeal from the 219th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
219-04411-2011).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**. It is **ORDERED** that appellees Plano Independent School District, Tamira
Griffin, Douglas Otto, and Tammy Richards recover their costs of this appeal from appellant
Dorothy Ollie.

Judgment entered October 24, 2012.

ROBERT M. FILLMORE
JUSTICE