# NO. 12-13-00069-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CROSS ROADS INDEPENDENT SCHOOL DISTRICT,* **APPELLANT** | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KATHY CARNES,* **APPELLEE** | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Cross Roads Independent School District (CRISD) appeals from the trial court's order denying its plea to the jurisdiction. In one issue, CRISD contends the trial court lacks jurisdiction of Kathy Carnes's claims against it because she failed to exhaust her administrative remedies before filing suit. We reverse and render judgment dismissing Carnes's claims against CRISD.

### BACKGROUND

Carnes was working under a two year contract as a teacher for CRISD when she was approached by the Tyler Independent School District to gauge her interest in a teaching position there. Carnes was interested in changing jobs, and she requested CRISD allow her out of her contract. CRISD initially indicated a willingness to allow her to change jobs, and Carnes delivered a letter of resignation. CRISD waited to act on Carnes's letter of resignation until it could find a teacher to replace Carnes.

Carnes grew tired of waiting on the CRISD superintendent to accept her letter of resignation, and she requested that the matter be considered by the CRISD board of trustees. Before her letter of resignation was placed on the board's agenda, Carnes changed her mind and

attempted to rescind her resignation. About the same time, the CRISD superintendent accepted Carnes's resignation. There is no indication in the record that the matter was ever considered by the CRISD board.

Carnes did not file an appeal of the CRISD superintendent's decision to accept Carnes's resignation and end her employment with the district. Instead, more than a year after her resignation was accepted, Carnes filed suit against CRISD for breach of contract. Carnes sought past and future damages related to her loss of employment in the district and attorney's fees.

CRISD filed a plea to the jurisdiction claiming immunity to suit, arguing that the trial court lacked subject matter jurisdiction over Carnes's claims against CRISD because Carnes did not exhaust her administrative remedies prior to filing suit. Carnes responded that the plea to the jurisdiction should be denied because (1) it was not ripe for consideration since she had not had time to conduct discovery, (2) CRISD did not provide evidence regarding its grievance policies or Carnes's failure to exhaust remedies, (3) a school district waives sovereign immunity for breach of contract when it enters into a contract, and (4) the school district failed to comply with Texas Education Code Sections 21.210 and 21.211. After a hearing, the trial court denied CRISD's plea to the jurisdiction. This interlocutory appeal followed.[1]

## PLEA TO THE JURISDICTION

In its sole issue, CRISD asserts the trial court incorrectly denied its plea to the jurisdiction. It argues that the trial court never obtained jurisdiction because Carnes did not exhaust her administrative remedies prior to bringing suit.

### Standard of Review

Subject matter jurisdiction is essential to the authority of a trial court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v.*

---

[1] A governmental entity may appeal from an interlocutory order of a district court that denies a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012).

*Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. *Id*. at 226-27.

Because it is a governmental unit, a school district is immune from suit under the doctrine of sovereign immunity, which defeats a trial court's subject matter jurisdiction. *See id*.; *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). Further, when the legislature grants an administrative body the sole or exclusive authority to make an initial determination in a dispute, a party must exhaust its administrative remedies before seeking judicial review. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006). Until the party exhausts its administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the party's claims without prejudice to refiling. *Id.*

**Discussion**

On appeal, Carnes argues that the plea to the jurisdiction was properly denied because (1) it was not ripe for consideration since she had not had time to conduct discovery and (2) CRISD failed to comply with Texas Education Code Sections 21.210 and 21.211. *See* TEX. EDUC. CODE ANN. §§ 21.210-.211 (West 2012). Regarding her first complaint, sovereign immunity protects a state entity from suit. *See LeLeaux*, 835 S.W.2d at 51. Thus, absent a waiver of sovereign immunity, Carnes cannot sue CRISD. *See Miranda*, 133 S.W.3d at 224. Carnes had the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226.

CRISD relies on Texas Education Code Section 7.057(a), arguing that Carnes should have appealed through an administrative procedure, rather than file suit. Pursuant to that statute, a party may appeal to the Commissioner of Education if the party is aggrieved by any action by a school district board of trustees that violates the school laws of Texas or a provision of a written employment contract if a violation causes or would cause monetary harm to the party. TEX. EDUC. CODE ANN. § 7.057(a) (West 2012). In fact, the commissioner's jurisdiction over those claims is exclusive, and a party must exhaust this administrative remedy prior to filing suit. *See Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Thus, when a teacher of a school district seeks breach of contract damages based on an employment contract, the teacher must first exhaust the school district's grievance procedure and then appeal the decision to the Commissioner of Education before she may bring a breach of contract action in court. *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 792 (Tex.

App.—Dallas 2012, pet. denied).  Here, there is nothing in the record indicating what action, if any, the CRISD board of trustees took with regard to the superintendent's acceptance of Carnes's resignation.  However, in her petition, Carnes alleged that CRISD, "without good cause, terminated" her contract and discharged her.  It is that action that Carnes had the opportunity to appeal.

Carnes's burden to show the trial court had jurisdiction included a showing that she had exhausted her administrative remedies.  *Ollie*, 383 S.W.3d at 792.  Carnes does not assert that she exhausted her administrative remedies.  She never appealed to the Commissioner of Education.  Accordingly, CRISD's plea to the jurisdiction was not filed prematurely.

Likewise, Carnes's second complaint, that CRISD may have violated statutory requirements in its handling of Carnes's situation, also fails.  Even if her claim is correct, she must bring that complaint to the Commissioner of Education, exhausting administrative remedies, before filing suit.  *Id***.**  Because it is undisputed that Carnes failed to exhaust her administrative remedies, the trial court lacks subject matter jurisdiction.  Accordingly, the trial court erred by denying CRISD's plea to the jurisdiction.  We sustain CRISD's sole issue.

## DISPOSITION

Having sustained CRISD's sole issue, we *reverse* the trial court's order denying CRISD's plea to the jurisdiction and *render* judgment granting the plea to the jurisdiction and *dismissing* Carnes's claims against CRISD, *without prejudice, for want of jurisdiction*.

### BRIAN HOYLE
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-13-00069-CV**

**CROSS ROADS INDEPENDENT SCHOOL DISTRICT,**
Appellant
V.
**KATHY CARNES,**
Appellee

Appeal from the 3rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. 2012C-1062)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the trial court's order denying Cross Roads Independent School District's plea to the jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying Cross Roads Independent School District's plea to the jurisdiction be, and the same is, hereby **reversed** and judgment is **rendered** granting the plea to the jurisdiction and **dismissing** Kathy Carnes's claims against Cross Roads Independent School District, without prejudice, for want of jurisdiction. It is further ORDERED that all costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **KATHY CARNES**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5