**Opinion filed May 31, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00325-CV

_____

**THE UNIVERSITY OF TEXAS OF
THE PERMIAN BASIN ET AL., Appellants**

**V.**

**MICHAEL BANZHOFF, Appellee**

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-17-07-0777-CV**

## MEMORANDUM OPINION

In two issues, Appellants—The University of Texas of the Permian Basin, Steven Aicinena, and Andy Newman—appeal the trial court's denial of their plea to the jurisdiction as to Appellee Michael Banzhoff's abuse of process and *ultra vires* claims. Because governmental immunity deprives the trial court of jurisdiction over these claims, we sustain Appellants' two issues, reverse the trial court's order to the extent it denied Appellants' plea to the jurisdiction as to Banzhoff's abuse of process

and *ultra vires* claims, and render judgment dismissing those claims for lack of jurisdiction.  In all other respects, we affirm.

*Background Facts*

The University of Texas of the Permian Basin (UTPB) hired Banzhoff in 2015 to be its men's and women's head golf coach.  UTPB terminated Banzhoff's employment in 2016, and "university police officers" issued a criminal trespass notice warning Banzhoff against trespassing on university property or attending sporting events on or off campus.

Shortly after his termination, Banzhoff was arrested at the Odessa Country Club for criminal trespass.  Banzhoff alleges that Appellants were responsible for having him arrested.  Appellants assert that a UTPB golf event with student athletes was being held at the club when Banzhoff was arrested.

Banzhoff sued UTPB, Aicinena,[1] and Newman,[2] alleging the following causes of action: (1) breach of contract; (2) tortious interference with existing contract; (3) fraud; (4) intentional infliction of emotional distress; (5) misuse of process;[3] (6) declaratory and equitable relief; and (7) *ultra vires*.  Appellants filed a plea to the jurisdiction contending that Banzhoff's claims were barred by governmental immunity.  Both parties use the terms "sovereign immunity" and "governmental immunity" interchangeably in their briefs.  Although both terms embody the same concepts of law, because UTPB is a subdivision of the State, we use the term "governmental immunity" in our discussion.  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008).

---

[1]Aicinena served as UTPB's Athletic Director and was Banzhoff's supervisor.

[2]Newman served as UTPB's interim golf coach following Banzhoff's termination.

[3]The parties also refer to this claim as "abuse of process."

2

Appellants also filed a motion to dismiss all tort claims against Aicinena and Newman pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code. Section 101.106(e) provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2019).

After holding a hearing, the trial court granted Appellants' motion to dismiss. In its written order, the trial court specifically dismissed with prejudice "[a]ll tort claims and causes of action" alleged by Banzhoff against Aicinena and Newman "in their official and individual capacities." The trial court also partially granted Appellants' plea to the jurisdiction and dismissed with prejudice Banzhoff's claims for breach of contract, tortious interference with existing contract, fraud, intentional infliction of emotional distress, and declaratory judgment and equitable relief. The trial court denied Appellants' plea to the jurisdiction regarding Banzhoff's abuse of process and *ultra vires* claims.

*Analysis*

In two issues, Appellants argue that the trial court erred in denying their plea to the jurisdiction. "Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol.*, 253 S.W.3d at 655; *see also Tarrant Reg'l Water Dist. v. Johnson*, No. 17-0095, 2019 WL 1575591, at *3 (Tex. Apr. 12, 2019). Sovereign immunity shields the State from suit unless the legislature consents to being sued. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the State, including state universities. *See Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005); *Sykes*, 136 S.W.3d at 638.

The legislature may waive governmental immunity by statute. *PHI, Inc. v. Tex. Juvenile Justice Dept.*, No. 18-0099, 2019 WL 1873431, at *3 (Tex. Apr. 26, 2019). The Texas Tort Claims Act (TTCA) creates a limited waiver of immunity for certain tort claims. *Id.*; *see also* CIV. PRAC. & REM. §§ 101.001–.109. Specifically, the legislature has waived governmental immunity in three general areas: (1) property damage, personal injury, and death caused by the use of a vehicle; (2) personal injury and death caused by a condition or use of tangible personal or real property; and (3) personal injury and death caused by premises defects. CIV. PRAC. & REM. §§ 101.021, .025; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2004).

Governmental immunity implicates the trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *PHI, Inc.*, 2019 WL 1873431, at *3; *Miranda*, 133 S.W.3d at 225–26. Whether a trial court has subject-matter jurisdiction is a question of law, *Miranda*, 133 S.W.3d at 226, and we review the trial court's ruling on a plea to the jurisdiction de novo, *PHI, Inc.*, 2019 WL 1873431, at *3.

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When, as in this case, a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the claim. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *Id.* at 226. If the pleadings do not contain sufficient facts to affirmatively show the trial

4

court's jurisdiction, but do not affirmatively demonstrate an incurable defect in jurisdiction, the issue is one of pleading sufficiency, and the pleader should be allowed an opportunity to amend. *Id.* at 226–27. However, if the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without allowing the plaintiff to amend. *Id.* at 227.

In their first issue, Appellants contend that the trial court erred in denying their plea to the jurisdiction regarding Banzhoff's claim for abuse of process because governmental immunity was not waived. Specifically, Appellants argue that abuse of process is an intentional tort that falls outside the TTCA's limited waiver and is therefore barred by governmental immunity.[4] Conversely, Banzhoff argues that the trial court correctly concluded that the abuse of process claim was essentially a constitutional claim for due course of law over which it has jurisdiction.

In his second amended petition, Banzhoff pleaded:

## FIFTH CAUSE OF ACTION
### (Misuse of Process)

. . . .

62. Defendants did commit the abuse of process and that one or more of the Defendants' agents, representatives or employees performed or participated in the act or practice on behalf of and under the authority or direction of Defendants.

63. Defendants used the legal process for, illegal, improper, or perversion, neither warranted nor authorized by the legal process.

64. The ulterior motive or purpose in exercising this perversion of the legal process, being personal harm to Plaintiff. There was damage as a result of the illegal act.

---

[4]Although the trial court dismissed with prejudice "[a]ll tort claims and causes of action" alleged by Banzhoff against Aicinena and Newman, "in an abundance of caution," Aicinena and Newman joined UTPB in "this argument."

At the hearing on Appellants' plea to the jurisdiction, the trial court commented that it thought Banzhoff's misuse of process claim was "essentially a due course of law challenge." However, the trial court did not rule on the issue at that time. Instead, in a later written order, the trial court dismissed the due course of law claim, which had been asserted in Banzhoff's sixth cause of action for declaratory and equitable relief. While Banzhoff points to the trial court's comment as proof that his misuse of process claim is actually a due course of law claim, a written order controls over an oral pronouncement when there is an inconsistency. *See In re A.S.G.*, 345 S.W.3d 443, 448 (Tex. App.—San Antonio 2011, no pet.); *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

The elements of the tort of abuse of process are (1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act. *Moore v. Bushman*, 559 S.W.3d 645, 652–53 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Abuse of process is an intentional tort. The TTCA does not waive immunity for intentional torts. *See* Civ. Prac. & Rem. § 101.057.

Banzhoff's fifth cause of action explicitly tracks the elements of an abuse of process tort. *See Moore*, 559 S.W.3d at 652–53. We conclude that Banzhoff's fifth cause of action entitled "Misuse of Process" is, in fact, an abuse-of-process tort claim. Because the claim does not arise out of the use of a motor vehicle or motor-driven equipment, or a condition or use of tangible personal or real property, it does not fall within the limited waiver of immunity in the TTCA. Civ. Prac. & Rem. § 101.021; *see Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 790–91 (Tex. App.—Dallas 2012, pet. denied). Thus, Banzhoff's abuse of process claim is barred by governmental immunity, *see Ollie*, 383 S.W.3d at 790–91, and the trial court

erred in denying Appellants' plea to the jurisdiction regarding the claim. We sustain Appellants' first issue.

In their second issue, Appellants contend that the trial court erred in denying their plea to the jurisdiction regarding Banzhoff's *ultra vires* claim because UTPB is not a proper party to the claim and Banzhoff failed to plead conduct by Aicinena or Newman that would constitute either a violation of Banzhoff's constitutional rights or an *ultra vires* act. In certain narrow instances, a suit against a state official can proceed even in the absence of a waiver of immunity if the state official's actions are *ultra vires*. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). To fall within the *ultra vires* exception, "a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *see also Chambers–Liberty Counties Navigation Dist. v State*, No. 17-0404, 2019 WL 2063575, at *8 (Tex. May 10, 2019). An official with "some discretion to interpret and apply a law may nonetheless act 'without legal authority,' and thus *ultra vires*, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Hall*, 508 S.W.3d at 238 (quoting *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016)).

An official's ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)); *see also Hall*, 508 S.W.3d at 238. A discretionary act, on the other hand, requires the exercise of judgment and personal deliberation. *Emmett*, 459 S.W.3d at 587. A government official acts "beyond his granted discretion" if he "exercises judgment or limited discretion 'without reference to or in conflict with

7

the constraints of the law authorizing the official to act,' because 'a public officer has no discretion or authority to misinterpret the law.'" *Chambers–Liberty Counties Navigation Dist.*, 2019 WL 2063575, at *8 (quoting *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 163). However, it is not an *ultra vires* act for a government official to make an erroneous decision while staying within his authority. *Hall*, 508 S.W.3d at 242–43.

Suits complaining of *ultra vires* actions must be brought against government officials in their official capacity and may seek only prospective injunctive remedies. *Chambers–Liberty Counties Navigation Dist.*, 2019 WL 2063575, at *7. The underlying governmental entity remains immune from suit. *Id.* If an *ultra vires* claim is filed against both the governmental entity and the "appropriate officials in their official capacity," the court must dismiss the claims against the governmental entity for lack of jurisdiction but allow the claims against the official in his or her official capacity to go forward. *Heinrich*, 284 S.W.3d at 372–73, 377.

In this case, UTPB—a governmental entity—is not a proper defendant to Banzhoff's *ultra vires* claim. *See id.* at 372–73; *see also Chambers–Liberty Counties Navigation Dist.*, 2019 WL 2063575, at *7. Accordingly, the trial court erred in denying UTPB's plea to the jurisdiction as to the *ultra vires* claim.

We next consider whether Banzhoff sufficiently alleged facts that affirmatively demonstrate an *ultra vires* cause of action against Aicinena or Newman. *See Creedmoor-Maha Water Supply Corp. v. Texas Comn'n on Envtl. Quality*, 307 S.W.3d 505, 516–18 (Tex. App.—Austin 2010, no pet.). Merely asserting legal conclusions or labeling a defendant's actions as "*ultra vires*," "illegal," or "unconstitutional" does not suffice to plead an *ultra vires* claim. *Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.). Instead, "what matters is whether the *facts* alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Id.* If the

plaintiff alleges only facts demonstrating acts within the officer's legal authority and discretion, the claim seeks to control state action and is barred by governmental immunity. *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 515–16. "In the same way, if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional, it must allege facts that actually constitute a constitutional violation." *Id.* at 516. That a state official reaches an incorrect or wrong result when exercising his delegated authority does not necessarily demonstrate that he has exceeded his authority. *See id.* at 517–18.

In his second amended petition, Banzhoff pleaded:

## SEVENTH CAUSE OF ACTION
### (Ultra Vires)

. . . .

70. Defendants did commit the abuse of process and that one or more of the Defendants' agents, representatives or employees performed or participated in the act or practice on behalf of and under the authority or direction of Defendants.

71. Defendants used the legal process for, illegal, improper, or perversion, neither warranted nor authorized by the legal process.

72. The ulterior motive or purpose in exercising this perversion of the legal process, being personal harm to Plaintiff. There was damage as a result of the illegal act.

73. Doctrine of ultra vires applies.

74. The Doctrine of Judicial Review applies.

75. Defendant has infringed upon Plaintiff's right to property and liberty under Article I, Section 19 of the Texas Constitution as positioned by the facts stated above.

76. Plaintiff asserts the Doctrine of ultra vires as well as interest in the property of the ultra vires exception.

9

77. There has been a denial of property which is in opposition of the Constitutional Rights of the Plaintiff and has deprived him of the use of certain properties.

Banzhoff's seventh cause of action (1) simply restates his claim for the tort of abuse of process, (2) alleges that the doctrines of *ultra vires* and judicial review apply, and (3) contends Aicinena's and Newman's conduct deprived him of his constitutional rights. These general allegations are insufficient to plead an *ultra vires* claim against Aicinena or Newman. *See Sunset Transp., Inc.*, 357 S.W.3d at 702. Further, Banzhoff failed to plead any facts that support a finding that Aicinena or Newman exceeded any delegated authority, did not perform a ministerial duty, or violated Banzhoff's constitutional rights. *See Heinrich*, 284 S.W.3d at 372; *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 516–18.

Banzhoff argued at both the hearing on Appellants' plea to the jurisdiction and in his brief on appeal that Aicinena and Newman acted *ultra vires* by (1) instructing Banzhoff not to trespass on property that was not owned by UTPB and (2) calling the police to have him arrested at the Odessa Country Club. We note that the "Statement of Criminal Trespass" in the record was not issued by either Aicinena or Newman and that there is no specific allegation either man called the police regarding Banzhoff's presence at the Odessa Country Club. However, even if we take Banzhoff's allegations as true, he fails to explain how issuing a criminal trespass notice or calling the police—even if done erroneously—are anything but discretionary actions by Aicinena or Newman. *See Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 516–18; *see also Hall*, 508 S.W.3d at 242–43.

Banzhoff has failed to allege sufficient facts to support an *ultra vires* action against Aicinena or Newman, and the record affirmatively reflects the defect is not curable. *See Miranda*, 133 S.W.3d at 226–27. Accordingly, Banzhoff's *ultra vires* claim against Aicinena and Newman is barred by governmental immunity, *see*

*Chambers–Liberty Counties Navigation Dist.*, 2019 WL 2063575, at \*8 (noticing governmental immunity protects acts of discretion by government official), and the trial court erred in denying Aicinena and Newman's plea to the jurisdiction regarding that claim. We sustain Appellants' second issue.

*This Court's Ruling*

We reverse the trial court's order to the extent the trial court denied Appellants' plea to the jurisdiction as to Banzhoff's abuse of process and *ultra vires* claims, and we render judgment dismissing those claims for lack of jurisdiction. In all other respects, the trial court's order is affirmed.


JOHN M. BAILEY

CHIEF JUSTICE


May 31, 2019

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[5]

Willson, J., not participating.

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.